LELAND S. HOYT, Appellant, *v.* COUNTY OF BROOME, Respondent.

JOHN J. BENNETT, JR., Attorney-General, Intervener, Appellant.

Argued April 21, 1941; decided May 22, 1941.

*John J. Bennett, Jr., Attorney-General (Henry Epstein and John C. Crary, Jr., of counsel), for appellant.*

*C. L. Chamberlain, County Attorney (Warren M. Anderson of counsel), for respondent.*

LOUGHRAN, J. This case calls upon us to say whether subdivision 1 of section 245 of the Military Law (Cons.

Laws, ch. 36) is a constitutional enactment. The provisions thereof are as follows: " Every officer and employee of the state or of a municipal corporation or of any other political subdivision thereof who is a member of the national guard or naval militia, or a member of the reserve corps or force in the federal military, naval or marine service, shall be entitled to absent himself from his duties or service while engaged in the performance of ordered military or naval duty, and while going to and returning from such duty. Notwithstanding the provisions of any general, special or local law or the provisions of any city charter, no such officer or employee shall be subjected by any person whatever directly or indirectly by reason of such absence to any loss or diminution of vacation or holiday privilege or be prejudiced by reason of such absence with reference to promotion or continuance in office or employment or to reappointment to office or to re-employment. During the absence of any such officer or employee, while engaged in the performance of ordered military or naval duty as a member of the national guard or naval militia, or as a member of the reserve corps or force in the federal military, naval or marine service, he shall receive his salary or compensation as such officer or employee, provided the period of such absence in any calendar year does not exceed thirty days. If the period of such absence in any calendar year exceeds thirty days he shall receive for the period of absence in excess of thirty days such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such duty."

The complaint of the plaintiff alleges that between May 10, 1937, and September 1, 1940, he was employed as an investigator in the Department of Public Welfare of the defendant County of Broome at an annual salary of $1,120 payable semi-monthly at the rate of $93.33 per month; that in June, 1938, he was duly commissioned a second lieutenant in the Officers Reserve Corps of the United States Army; that in August, 1940, he was called into the

Federal military service for the period from September 1, 1940, to August 31, 1941; that he was thereupon granted a leave of absence from the Department of Public Welfare of the defendant county and entered the Federal military service as a second lieutenant of the United States Army; that pursuant to subdivision 1 of section 245 of the Military Law he duly demanded payment by the defendant county of his salary as investigator in its Department of Public Welfare for the first thirty days of his Federal military service and that this demand was refused. Upon these allegations, the plaintiff asks judgment against the defendant county in the sum of $93.33, with interest from September 1, 1940.

The defendant county moved for judgment dismissing the complaint, asserting that the pleading cannot stand in the face of the following provisions of article VIII of the Constitution of the State: " No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking * * *." (§ 1.) " No county, city, town, village or school district shall contract any indebtedness except for county, city, town, village or school district purposes, respectively." (§ 2.) (Cf. State Const. art. VII, § 8.)

The motion of the defendant county was granted by a judgment which directs " that the complaint in this action be dismissed on the ground that it appears on the face of the complaint that said complaint fails to state facts sufficient to constitute a cause of action in that the cause of action alleged in said complaint was based on section 245, subdivision 1 of the Military Law of the State of New York, as amended, which said section 245, subdivision 1, of the Military Law, as amended, violates sections 1 and 2 of article VIII of the Constitution of the State of New York, and is therefore unconstitutional." This judgment is now before us for review upon separate direct appeals taken by the plaintiff and by the Attorney-General pursuant to Civil Practice Act, section 588, subdivision 3. (See Executive Law [Cons. Laws, ch. 18], § 68.)

The opinion of Special Term was that, "Federal service is not a State or county purpose" and that, therefore, "the directed payment by the county constitutes a gift." (175 Misc. Rep. 896, 900, 901.) We think this handling of the challenged statute failed in appreciation of its essential character.

The first thing to be noticed is that we have here no attempt by the Legislature to pledge the credit of the State to the general payment of a reward for past Federal military service. (Cf. *People* v. *Westchester County Nat. Bank*, 231 N. Y. 465.) We have here a statute which declared a rule for the future in respect of payment to certain government officers and employees of their salaries during the period of their permitted absence from the public service while engaged in the performance of ordered military or naval duty. The external aspect of the law does not at once bring to mind the foregoing constitutional denials of power to use the resources of the State in furtherance of private enterprise or business.

Indeed the words of the enactment plainly invoked other provisions of the State Constitution which were devised to secure the continuance in the public service of those who should be found competent to discharge the duties thereof. (State Const. art. V, § 6; *Matter of Social Investigator Eligibles Assn.* v. *Taylor*, 268 N. Y. 233, 237.) If the legislative plan has a reasonable relation to the ends served by that constitutional principle, the statute is basically valid, though it may also foster war service to the nation or some other legitimate object which in itself alone would not constitute a State or municipal purpose.

We have held that pensions to municipal officers and employees are not grants of gratuities, but a recognition by the Legislature of an obligation founded upon the fidelity of services rendered for the State through its political subdivisions. (*Matter of Wright* v. *Craig*, 202 App. Div. 684; 234 N. Y. 548.) The reasoning on which that conclusion was reached was this: "In its relation to the betterment of the public service, through the incentive

offered to faithful devotion to duty, and through the retirement rather than the retention in service at full pay of those servants who have outlived their usefulness, the purpose of granting pensions is ' a public purpose,' and as affecting a municipality, ' a city purpose,' within the definition of these terms as judicially adopted." (BISCHOFF, J., in *Hammitt* v. *Gaynor,* 144 N. Y. Supp. 123, 126. See, too, *Matter of Carr* v. *Roesch,* 231 App. Div. 19; 255 N. Y. 614.)

The theorem espoused in these decisions appears to us to rule the present case. We agree with the Attorney-General that the same fundamental considerations are here involved and justify the challenged statute.

We add a word respecting the argument that the statute carries no guaranty that a capable employee will return to the public service at the end of his ordered military or naval duty: the power committed to the Legislature to regulate conditions of employment in municipal activities does not require that its exercise should be so far on a safe side.

The judgment and order should be reversed and the motion to dismiss the complaint denied, without costs.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment and order reversed, etc.