JACOB S. HONIGSBAUM, Claimant, *v.* STATE OF NEW YORK, Defendant.

(Claims Nos. 27307, 27415, 27495, 27518.)

Court of Claims, June 8, 1943.

*Jacob S. Honigsbaum,* claimant in person.

*Nathaniel L. Goldstein, Attorney-General (Mortimer H. Michaels* of counsel), for defendant.

RYAN, J. These claims have been submitted upon an agreed statement of facts. Claimant has filed four claims against the State of New York asserting that pursuant to section 245 of the Military Law he is entitled to a salary differential from July 1, 1942. The first three claims cover the period of time ending December 31, 1942, and the fourth claim is for the period from January 1, 1943, to February 28, 1943.

Claimant was appointed an Assistant Attorney-General in the Department of Law on January 26, 1937, at a salary of $3,000 per annum effective February 1, 1937. Thereafter for six-month periods beginning on July 1, 1937, claimant was reappointed to the same position, his last appointment being for the period from January 1, 1942, to June 30, 1942, the salary then being $3,120 per annum. Claimant received no further notices of reappointment after the last notice of January 1, 1942. It was the practice of the then Attorney-General to appoint his assistants for six-month periods and it is stipulated that all Assistant Attorneys-General who continued in office after June 30, 1942, did so without receiving letters of reappointment.

On April 1, 1942, the claimant, then being a member of the United States Marine Corps Reserve, was ordered to active military duty and since then has been paid as a private in the United States Marine Corps at the rate of fifty dollars per month to December 15, 1942, and at the rate of fifty-four dollars per month since that date.

Pursuant to section 245 of the Military Law, claimant was paid in full his salary as Assistant Attorney-General for the month of April, 1942, and for the months of May and June, 1942, he was paid his salary differential. Such payments had authority in law. (*Hoyt* v. *Broome County,* 285 N. Y. 402; *Matter of Williams* v. *Walsh,* 289 N. Y. 1.)

However, on or about November 1, 1942, the State Comptroller refused payment to claimant of the salary differential for the period of time subsequent to July 1, 1942, on the ground that claimant's term of appointment had expired on June 30, 1942. Yet, on December 10, 1942, the State Comptroller, acting by and through the Director of the Employees' Retirement System, notified the claimant that as he was in military service he could not withdraw his contributions previously made to such retirement system.

In refusing payment to claimant of his salary differential the State Comptroller apparently acted on the advice of the Attorney-General in an opinion rendered October 22, 1940, for under date of October 1, 1942, the auditor of the Department of Law advised claimant by letter as follows (Exhibit I): '' Answering your letter of September 30, 1942 — I took up the matter of your differential with the Attorney General and Mr. Epstein, and in view of the opinion rendered by the Attorney General to the State Comptroller, dated October 22, 1940, they cannot consistently see how you could be paid any differential after June 30, 1942, when your six months appointment ended.''

The opinion referred to appears in the Report of the Attorney-General for 1940, beginning at page 227. The part herein relied upon by the defense appears at page 231.

We quote: '' Provisional or temporary employees may properly be paid, as your proposed instructions state, only for such periods as they would have remained in State service apart from any cause connected with absence on military duty. The same result must follow in the case of others whose employment would normally have terminated, though they were regularly performing their duties, by such circumstances as expiration of term of office, abolition of position, or otherwise. The protection of the statute is only against loss of compensation or prejudice to rights and privileges because of military absence. It does not operate to make temporary employments permanent, to extend terms of office, or to continue compensation beyond the time when it would have ceased by the terms and circumstances of the employment apart from military absence.''

Upon the facts stipulated the court is now asked to determine whether the claimant is entitled to all or any part of the relief demanded in his four claims.

In respect to the first three claims this court is of the opinion that claimant is entitled to recover. At no time did the head of his department, in this instance the Attorney-General, notify claimant that his services were at an end. Like claimant, all other Assistant Attorneys-General had served for six-month periods successively renewed. All who continued in office after June 30, 1942, did so without receiving letters of reappointment. Although the auditor of the department informed claimant, as hereinabove quoted, that the Attorney-General and the Solicitor-General could not consistently see how he could be paid any further differential, nevertheless we believe the con-

clusion is inescapable that, had he not been called to active military duty, claimant would have been held over as an Assistant Attorney-General during the term of office of the Attorney-General who first appointed him. We find an award for the claimant for the period of time ending December 31, 1942.

But the fourth claim filed by claimant, we believe, must be dismissed. On November 3, 1942, a general election was held in the State of New York at which election a new Attorney-General was chosen by the voters to succeed the Attorney-General who had appointed claimant to office. There can be no presumption that claimant would have been continued in office by the succeeding Attorney-General. Moreover, under date of December 19, 1942, the Attorney-General-elect wrote to the retiring Attorney-General indicating by name those deputies and assistants whom he intended to continue in office. Claim-ant's name was not included in the list. And on March 15, 1943, the present Attorney-General in a letter to claimant said (Exhibit J): "You understand, of course, that you are not and have not been a member of the staff of this office since I took office on January 1, 1943."

For the reasons hereinabove set forth we direct an award in favor of claimant in the amount of $420 on claim No. 27307, $420 on claim No. 27415 and $418 on claim No. 27495. And we direct that claim No. 27518 be dismissed.

BARRETT, P. J., concurs.