HERBERT F. PARKER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27798.)

Court of Claims, August 17, 1945.

*Norman S. Weiss* and *Jacob A. Bernstein* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Frank M. Noonan* of counsel), for defendant.

LAMBIASE, J. Claimant herein asserts his right to the differential in pay provided for under section 245 of the Military Law, of the State of New York, since his salary as a State employee was more than his pay as an army officer, which section aforesaid, as it existed at the time that he was ordered to active duty, conferred certain benefits, including the relief herein sought by the claimant and made these provisions (§ 245, subd. 1) : "Every officer and employee of the state or of a municipal corporation or of any other political subdivision thereof who is * * * a member of the national guard or naval militia, or a member of the reserve corps or force in the federal military, naval or marine service, shall be entitled to absent himself from his duties or service while engaged in the performance of ordered military or naval duty, and while going to and returning from such duty. * * * If the period of such absence in any calendar year exceeds thirty days he shall receive for the period of absence in excess of thirty days such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such duty."

On June 10, 1938, claimant herein, then employed by the State of New York as a valuation engineer for the Public Service Commission, enlisted as a member of the "Enlisted Reserve Corps of the United States Army"; and on July 15, 1938, he was duly appointed a second lieutenant therein. On or about April 11, 1941, claimant was ordered into active military service, and from that date up until November 4, 1944, when he was returned to inactive status, he was an officer in the Army of the United States on active duty. Up until the time of his being ordered into active service, and beginning with some time previous to his enlistment hereinbefore referred to, claimant had been continuously employed by the State of New York. At the time of the trial of this claim, he was still a member of the Enlisted Reserve Corps of the Army of the United States of

America, though inactive in status, and he had resumed as of November 15, 1944, his duties as an employee of the State of New York with the Public Service Commission as a valuation engineer, performing the same services that he had been performing when he was ordered into active duty. Claimant up to the date of the trial herein had received no part of any differential in pay from the State.

There is no doubt that one in claimant's position comes within the provisions of subdivision 1 of section 245. (*Honigsbaum* v. *State of New York,* 180 Misc. 133, Note 148 A. L. R. 1401.) This section has been held to be a constitutional enactment, and in fact, it has been held further that the benefits accorded by this statute constitute one of the terms of the employment of every employee of the State or of a municipal corporation. (*Hoyt* v. *County of Broome,* 285 N. Y. 402, Note 134 A. L. R. 919; *Matter of Williams* v. *Walsh,* 289 N. Y. 1.) It is to be noted that the Attorney-General of the State of New York intervened in the *Hoyt* case (*supra*) and aided in successfully maintaining the constitutionality and validity of said section aforesaid when it was under attack. Furthermore, no order or rule may be promulgated by which the privileges and benefits granted to certain employees by section 245 of the Military Law aforesaid may be denied or dismissed. (*Matter of Williams* v. *Walsh, supra,* p. 6.)

It is the understanding of the court, therefore, that the defendant does not take the position that one coming within the purview of said subdivision 1 of section 245 of the Military Law aforesaid, is not entitled to the benefits therein provided because of any invalidity thereof, but urges, rather, that in claimant's particular instance, this court has no jurisdiction of the claim herein, except possibly of a small portion thereof, more particularly hereinafter referred to, for the reason that claimant has failed to timely and properly file his notice of intention to file a claim, and has failed to timely and properly file his claim pursuant to subdivision 4 of section 10 of the Court of Claims Act of the State of New York (L. 1939, ch. 860). The State offered no evidence and rested its case at the close of claimant's case.

Defendant urges that the claimant as an employee of the State of New York was paid either twice a month or once a month, and that as an officer in the United States military service, claimant's military pay became due each month. We may take judicial notice of section 6 of the New York State Finance Law which provides: " The salaries of all officers of the state,

and the wages of all employees thereof shall be due from and payable by the state twice each month on the fifteenth and last days thereof, except where such days fall upon Sunday or a legal holiday when such payments shall be made upon the preceding business day "; and we may assume that claimant received his military pay each month since he testified to the receipt of a monthly military pay. Consequently, the defendant urges that any differential in pay due to claimant from the State, since his salary with the State was more than the pay that he received as an army officer, became due as and when his military pay became due. The State takes the position further, that because of the aforesaid subdivision 4 of section 10 the Court of Claims Act of the State of New York, the only part of claimant's claim herein of which this court might have jurisdiction is that part postdating January 8, 1943.

Claimant's notice of intention to file a claim was filed July 9, 1943, and claimant's claim itself, was filed May 17, 1944.

Claimant, on the other hand, denies that his claim for a differential in pay accrued on the theory advanced by the defendant; and submits that both his notice of intention to file a claim herein, and the claim itself have been timely and properly filed under the provisions of the Court of Claims Act of the State of New York, because of the enactment by the Congress of the United States of the Soldiers' and Sailors' Civil Relief Act of 1940 and amendments of 1942 (U. S. Code, tit. 50, Appendix, § 501 et seq.), and because of the enactment of the New York State Soldiers' and Sailors' Civil Relief Act (Military Law, § 300 et seq.). Thus, there is presented a question of statutory construction of section 10 of the New York State Court of Claims Act, and particularly of subdivision 4 thereof; and of the provisions of the Federal and New York State Soldiers' and Sailors' Civil Relief Acts, reference to which is hereinafter more particularly made.

Subdivision 4 of section 10 of the Court of Claims Act of the State of New York, since 1939 has read as follows: "4. A claim for breach of contract, express or implied, and any other claim not otherwise provided for by this section, over which jurisdiction has been conferred upon the court of claims, shall be filed within six months after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after such accrual."

The pertinent sections of the New York State Soldiers' and Sailors' Civil Relief Act are contained in article XIII of the

Military Law of the State of New York (§ 300 *et seq.*) and particularly involved herein is the construction of section 308 thereof, which reads as follows: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service." (L. 1941, ch. 686, eff. April 23, 1941.)

Section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 525) reads as follows: "The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment." The amendment of October 6, 1942, added to the foregoing section all the following: "nor shall any part of such period * * * be included in computing any period * * * for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment."

Unless claimant's theory is correct, that the above last-quoted statutes apply, claimant's claim would indeed have to be dismissed except for the part thereof which accrued within six months prior to July 9, 1943, the date of the filing of claimant's intention to file a claim herein. In this particular instance, since the claim together with the amendments thereof, covers the period from April 5, 1941, to April 1, 1943, inclusively, it would mean that the greater part of the claim would be lost to the claimant, for, as was said in *McMahon* v. *State of New York* (173 Misc. 1004, 1006, affd. 261 App. Div. 879; same case, 178 Misc. 865): "If a cause of action accrued, it accrued on pay day in each month and the statute then began to run as to that portion of the claim." However, we are of the opinion that the provisions of section 205 of the Federal Soldiers' and Sailors'

Civil Relief Act of 1940, as amended in October, 1942 (U. S. Code, tit. 50, Appendix, § 525), and of the Soldiers' and Sailors' Civil Relief Act of the State of New York, as contained in the Military Law of the State of New York (§ 300 *et seq.*) do apply. (*Erickson* v. *Macy,* 231 N. Y. 86, 91, Note 16 A. L. R. 1327.) The Soldiers' and Sailors' Civil Relief Act of 1940 was substantially a re-enactment of the 1918 act of the same name. (*Boone* v. *Lightner,* 319 U. S. 561, 565.)

We are of the opinion that the statutes immediately hereinabove cited and referred to, have the legal effect of deferring, enlarging and extending the time of the filing requirements under the Court of Claims Act of the State of New York for the period of claimant's ordered active military duty. Consequently, the filing of claimant's notice of intention to file a claim for the period commencing April 5, 1941, to April 1, 1943, was timely and properly filed, as was the claim itself for the same period of time which was filed on May 17, 1944, since both filings were effected during the said enlarged period and while claimant was still on ordered military service. It is our opinion that by virtue of the quoted statutes the time provisions of subdivision 4 of section 10 of the Court of Claims Act of the State of New York, were rendered inoperative against claimant's claim during the period of claimant's active military service.

Soldiers' and Sailors' Civil Relief Act of 1918 purported to cover suits in the State or territorial courts as well as in the Federal courts and Congress, under its power to wage war, possessed power to regulate proceedings in the State courts. (*Clark* v. *Mechanics' American Nat. Bank,* 282 F. 589.) The laws of the United States constitutionally enacted are the laws of the individual States and of all the people of the United States. (*Erickson* v. *Macy, supra; M'Culloch* v. *State of Maryland,* 4 Wheat. [U. S.] 316; U. S. Const., art. VI, par. 2.) Section 102 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 512, subd. 1) provides: " The provisions of this Act shall apply to the United States, the several States and Territories, the District of Columbia, and all territory subject to the jurisdiction of the United States, including the Philippine Islands while under the sovereignty of the United States, and to proceedings commenced in any court therein, and shall be enforced through the usual forms of procedure obtaining in such courts or under such regulations as may be by them prescribed."

Subdivision 2 of the same section provides: " When under this Act any application is required to be made to a court in

which no proceeding has already been commenced with respect to the matter, such application may be made to any Court."

The statutory requirement of filing a claim against a municipality previous to the commencing of an action thereon has been held to be a condition precedent to the maintenance of such action (*Biggs* v. *City of Geneva*, 184 N. Y. 580, 581; *Jones* v. *City of Albany*, 151 N. Y. 223, 226; *Curry* v. *City of Buffalo*, 135 N. Y. 366, 370); and while it has been held by this court that there is no distinction between the notice referred to in the above-cited cases and the notice of intention to file a claim required by the Court of Claims Act (*Baronness* v. *State of New York*, 153 Misc. 212; *Federman* v. *State of New York*, 173 Misc. 830), it is our judgment, nevertheless, that the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (U. S. Code, tit. 50, Appendix, § 525) and New York Soldiers' and Sailors' Civil Relief Act (Military Law, § 308) were intended to modify not only those statutes properly called Statutes of Limitations, by which times are fixed for the bringing of actions, but statutes creating a right of action which did not exist independently of the statute where the time for bringing such an action is limited in some way or a condition precedent is imposed by the statute.

In *Clark* v. *Mechanics' American Nat. Bank* (282 F. 589, 590–591, *supra*) the court said in construing section 205 of the Soldiers' and Sailors' Civil Relief Act of 1918 which is unchanged in the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 525): " The language of section 205 of the act of Congress does not use the words ' statute of limitations.' The words ' any period * * * limited by any law for the bringing of any action,' from which the period of military service is to be excluded, are broad enough to include every form of action by which a soldier's and sailor's right is affected. * * * A statute of this nature should be liberally construed in favor of the rights of the man engaged in military service, absorbed by the exacting duties required of him, and unable to give attention to matters of private business. No reason can be perceived why the extension of time for bringing actions created by section 205, which expressly covers ' any action,' should be denied in cases where a statute creates the cause of action." Thus it was held in the *Clark* case (*supra*), that where a party claiming a mechanic's lien under an Arkansas statute (sections 8555 and 8556 of Crawford & Moses' Digest, requiring that suit be brought on the claim, or that the claim be filed by order of the court with the receiver of the railroad,

within one year after the claim accrued, had been in military service) under the Soldiers' and Sailors' Civil Relief Act of 1918 the period of such service was to be excluded in computing the time for the bringing of the suit.

Again, in *Steinfield* v. *Company* (80 N. H. 39) it was held that under the Soldiers' and Sailors' Civil Relief Act, the period of a plaintiff's military service was not to be included in computing a ninety-day period, after the payment of a loss or expense, within which he was required by a stipulation in a policy of indemnity insurance to bring suit for such loss or expense. The court in that case said at page 40: " The application of the federal act is not limited to statutory provisions. It applies to all law; and provides in substance, that notwithstanding the state law limits the action as by contract agreed, that law shall not apply while the plaintiff is in the service.

" It is manifest that the present case is within the spirit and intent of the act. The purpose was to extend the time for bringing actions generally. * * * It was not the legislative intent that the remedial purpose of the act should be defeated by a narrow or technical construction of the language used."

In *Perkins* v. *Manning* (59 Ariz. 60) the court, in construing section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 525), held that in a mandamus proceeding by State Superintendent of Health to compel approval of his salary claim against the State, a petition which showed on its face that the proceeding was not commenced until more than ninety days after superintendent's last salary claim, if due at all, was due and payable, did not show that superintendent's claim was barred by limitations, in view of said section where it appeared that during all of the period involved in the controversy, the superintendent had been in the military service of the United States.

A severe and literal construction of the language employed in the Federal and New York State Soldiers' and Sailors' Civil Relief Act, as urged by the State, and a refusal on our part to exercise the jurisdiction invoked by claimant herein, would involve a sacrifice of substance to form and unwarrantably defeat the ends of justice. (*Stewart* v. *Kahn,* 11 Wall. [U. S.] 493, 502.) Such, we are satisfied, was not the intention of Congress in the enactment of the Federal statute, and was not the intention of the Legislature of this State in the enactment of the New York State Soldiers' and Sailors' Civil Relief Act.

The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to

drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prejudicial. (*Boone v. Lightner,* 319 U. S. 561, 575, *supra,* rehearing denied 320 U. S. 809.) The purposes of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended are set forth in section 100 (U. S. Code tit. 50, Appendix, § 510), which reads as follows: "In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

Section 300 of article XIII of the Military Law of the State of New York (New York State Soldiers' and Sailors' Civil Relief Act) declares, among other things, that in order to promote and assist the national defense, and thereby to protect the peace, prosperity, and health of the people of the State, it is necessary that the citizens and residents of the State in the military service of the United States should be free to devote their entire energy and efforts to the defense needs of the nation. It declares further that to assist in this end, it is essential to provide in certain cases for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service. It provides further that in the interpretation and application of the provisions of New York State Soldiers' and Sailors' Civil Relief Act, it is declared to be the public policy of the State to maintain, secure, and protect the civil and property rights of persons in the military service, as defined therein, and states and declares that " All the provisions of this article shall be liberally construed for the accomplishment of this purpose."

In view of the foregoing and within the letter and spirit of the declared purposes and provisions of both the Federal and State Soldiers' and Sailors' Civil Relief enactments herein

referred to, as we construe the same, we hold that said enactments aforesaid are applicable to the instant claim and are binding upon this court.

The motion made at the end of claimant's case by the State to dismiss claimant's claim, and upon which motion decision was reserved by the court is, in all respects, denied, with an exception to said denial reserved to the State. We, therefore, make an award herein to the claimant in accordance with the accompanying decision, with interest (Civ. Prac. Act, § 480; *G. N. Y. Coal & Oil Corp.* v. *P. & R. C. & I. Co.*, 278 N. Y. 270; *Sweeney* v. *State*, 251 N. Y. 417) on the amount of the award from the 4th day of May, 1944, the date when claimant's claim was filed (*Smith* v. *Board of Education* 208 N. Y. 84, Note 1914D Am. & Eng. Ann. Cas. 408; *McGarry Contr. Co.* v. *Bd. of Education of City of N. Y.*, 264 App. Div. 725, affd. 289 N. Y. 706), and less the amount which claimant would have contributed from his compensation to the Employees' Retirement System during the period covered by the award herein. (Military Law, § 246.)