James D. Hopkins, J.
The plaintiff moves for judgment on the pleadings, and the facts are virtually conceded. The plaintiff is a member of the police force of the City of Yonkers, having been appointed on October 1, 1955. At the time of his appointment he was a member of the 101st Signal Battalion of the National Guard, and has continued to be a member of the National Guard. During the period of his service on the police force he was ordered to active duty in accordance with the requirements of the National Guard, and he carried out his duty, amounting to two weeks’ time for each of the years between 1956 and 1959. As a result of his absences from police service, he was not paid any salary for the time in question for the years 1956 and 1957, and his time spent on active duty in the years 1958 and 1959 was charged against his vacation leave for those years. It is his claim that he is entitled to the sum of $727.47 as salary unlawfully withheld from him.
The answer of the defendants raises no factual issue, but pleads two defenses. First, they allege that rules were promulgated by the Commissioner of Public Safety, in charge of the police force, and still in effect, regulating the conduct of the members of the police force. Rule 101, it is said, prohibits a member from affiliating with any organization, the regulations of which would prevent him from performing police duty; and rule 102 prohibits a member from joining any Federal or State military organization without permission of the Commissioner of Public Safety. The failure of the plaintiff to obtain such permission, the defendants contend, defeats his claim.
Secondly, the defendants allege that the plaintiff is guilty of laches in not bringing the action for nearly four years, and that, moreover, he did not protest the checks issued to him for the periods in dispute.
The plaintiff’s claim has as its foundation the provisions of subdivisons 4 and 5 of section 242 of the Military Law. In brief, those provisions bar the loss of vacation privilege, or any other privilege, through the absence on military duty of an officer or employee in public service, and require the payment of his salary during the period of military duty, so long as it does not exceed 30 days in any calendar year. In addition, the statute stipulates that the rights which are so prescribed shall be enforced notwithstanding the provisions of any general, special or local law, or the provisions of any city charter. In effect, the statute commands that its provisions shall be paramount to any other statutory direction dealing with the same subject matter.
Accordingly, even though the rules adopted by the Commissioner of Public Safety may have the force of statute (cf. *946 Second Class Cities Law, § 133), they cannot supersede or render naught the provisions of the Military Law, where they are inconsistent with or contrary to the latter statute, either expressly or implicitly. Doubtless, there may be good reason for the adoption of a rule which would prevent the interruption of the service of a police officer. Nevertheless, the Legislature has not seen fit to make any exception in the provisions of the Military Law for the treatment of police officers apart from other public officers or employees, and the statute must therefore be construed as it reads and as a constitutional exercise of legislative power (Hoyt v. County of Broome, 285 N. Y. 402).
Indeed, the provisions of the Military Law have been said to enter and become embodied in the terms of employment of all public servants (Matter of Williams v. Walsh, 289 N. Y. 1, 5; Parker v. State of New York, 185 Misc. 584), and, as the Court of Appeals has stated, “ No order or rule may be promulgated by which the privileges and benefits granted to certain employees by section 245 of the Military Law may be denied or diminished.” (Matter of Williams v. Walsh, supra, p. 6.) By the same token, the benefits provided under section 242 of the Military Law (derived from said § 245) may not be denied or diminished by order or rule of local authorities. The first defense of the defendants is consequently without validity.
The second defense in part based on laches also lacks merit. Mere delay in bringing an action at law when the right of the plaintiff is absolute is not a defense; it is a defense when the right of the plaintiff lies in the discretion of the court, and then only, on a showing of prejudice to the defendant as a result of an altered position in reliance on the delay (De Atucha v. Manufacturers Trust Co., 155 N. Y. S. 2d 537, affd. 3 A D 2d 902; Harman v. Board of Educ., 196 Misc, 287, affd. 275 App. Div. 694, affd. 300 N. Y. 21; Northwestern Tel. Co. v. Western Union Tel. Co., 194 Misc. 352, affd. 275 App, Div. 914). Nor is the further statement in the defense that the plaintiff accepted checks issued by the defendants without protest any obstacle to recovery. At common law, the acceptance by a public officer of an amount less than his salary did not represent a waiver, estoppel, or accord and satisfaction (Quayle v. City of Neto York, 278 N. Y. 19, 22). The defense does not allege any statutory bar such as is exemplified by the provisions of the Administrative Code of the City of New York whereby a timely protest is required. The defense as a whole therefore fails. The motion by the plaintiff is granted.