Bergan, J.
The petitioner’s husband was a teacher employed by the New York City Board of Education who died while so employed on May 29, 1962. He was a veteran, having served in time of war; a member of the Teachers ’ Retirement System, which respondent board administers; was 52 years old, and had 27 years of allowable service. Petitioner was his designated beneficiary.
The problem presented is whether section 245 of the Military Law, which, in view of the member’s age, length of service, and military record, would have given the member the right to retire if he were alive, applies to the “ death gamble ” provisions of subdivision 2 of section B20-41.0 of the Administrative Code of the City of New York, pursuant to which a member eligible for retirement by reason of service, who dies, is “ deemed to have been retired” the day before he died. The respondent board rejected the application of petitioner for benefits based on retirement as of the day before the member’s death, but did not contest her right to benefits based on his contributions and years of service calculated without consideration of prior retirement. The court at Special Term and the Appellate Division sustained the contention of the board.
*59 The relevant parts of two statutory enactments must be read together. Section 245 of the Military Law provides in part: “ Any member of a teachers’ retirement system to which the city of New York is required by law to make contributions on account of such member who is an honorably discharged member of any branch of the armed forces of the United States, having served as such during the time of war and who has attained the age of fifty years, may retire upon his own request upon written application to the board setting forth at what time not less than thirty days subsequent to the execution and filing thereof he desires to be retired, provided that such member at the time so specified for his retirement shall have completed at least twenty-five years of allowable service.” Subdivision 2 of section B20-41.0 of the Administrative Code (added by L. 1961, ch. 948), applying expressly to teachers in the City of New York, provides in part: “ In the event that a contributor, who would be eligible for retirement by reason of service and/or superannuation, dies while in service before filing with such board an application for retirement in the form required for such application * * * he shall nevertheless be deemed to have been retired and to have become entitled to a retirement allowance effective on the day immediately preceding his death ’ ’.
Subdivision 1 of that section sets up general provisions regulating retirement of members on their own application and provides for certain alternative conditions, e.g., an attained age of 65, or total service of more than 35 years for a ‘ ‘ present teacher ”, or 35 years, 20 of which shall be city-service, or, under an applicable plan, an attained age of 55 years and 30 years of service. Section B20-45.0 provides additionally for retirement of a member on completing 30 years of service at a somewhat smaller allowance than those provided by section B20-41.0. Section B20-1.0 describes “ service retirement ” as that defined in section B20-41.0.
Petitioner’s husband came literally within the basic qualifying terms of section 245 of the Military Law. He was a member of the Teachers’ Retirement System. He had military service in time of war, and had been honorably discharged. He had attained the age of 50 years and he had “ completed at least twenty-five years of allowable service ’ ’. There can be no doubt *60 that “ allowable service ” as used in section 245 means just what the word “ service ” means in sections B20-41.0 and B20-45.0 of the Administrative Code. Each applies to qualifying years as a teacher-member of the retirement system.
The member did not, in his lifetime, do that which section 245 requires a teacher otherwise meeting its terms to do in order to be retired. He did not “ upon his own request ” and in writing apply for retirement; nor did he wait 30 days after such an. application; nor did he pay “ on making application for retirement ” a sum of money sufficient to entitle him “ to the same annuity and pension that he would have received had he remained in the service of the city until he had attained the age at which he otherwise would have first become eligible for service retirement.”
It was unnecessary for him to have followed those procedures in view of the fact he was qualified by age and service to have made such an application and by the fact he died in service since, “Notwithstanding other provisions of this chapter” or ‘‘ any provisions of law to the contrary ”, a “ contributor, who would be eligible for retirement by reason of service ”, who dies while in service before filing an application for retirement, ‘ ‘ shall nevertheless be deemed to have been retired and to have become entitled to a retirement allowance effective on the day immediately preceding his death” (§ B20-41.0, subd. 2).
Thus the need for an application for retirement and the need to wait 30 days after application for it to take effect, set up in section 245 of the Military Law, are both met by operation of statutory law upon the occurrence of death, since on such occurrence he shall be “ deemed ” to have retired, and this necessarily means a retirement in accordance with law. Such a retirement, as the statute states, is “ effective ” the day before he died.
The elimination of the need to file an application and to wait 30 days does not, of course, eliminate the further requirement of section 245 of the Military Law that the member shall pay into the retirement fund “ a sum of money ” sufficient to entitle him to the same annuity and pension he would have received had he remained in the service until otherwise eligible for retirement.
This, however, in the nature of things, the member being dead, requires payment or adjustment by the beneficiary, and since this would increase the total contributions of the member *61 and hence the annuity or the lump sum payable, as the case may be, it is a matter which must necessarily be adjusted in the account between the beneficiary and the Retirement Board.
Indeed, the proof offered by the board in opposition to the relief sought by petitioner is to the effect that at the date of death this member’s reserve would have been $65,530 if he had been eligible for retirement, but that he would have had to pay $18,825.97 into the fund “ before his retirement could [have become] effective ”.
Since it is conceded by respondent board that petitioner widow would be entitled in any event to $28,776.73, the adjustment under the board’s calculation would result in what it describes as “an additional death benefit of approximately $17,927.30 These amounts spell out the nature of the money issue between the parties.
In the end the controversy narrows down essentially to the argument, stressed by the board, that eligibility for retirement “by reason of service” as used in subdivision 2 of section B20-41.0 of the Administrative Code, as a condition to the “death gamble” retirement resulting from death in service, does not embrace the kind of reason for retirement prescribed by section 245 of the Military Law.
It is true, of course, that one of the conditions for the retirement permitted by that section is pre-existing military service during war. But quite as necessary a condition is teacher service in the system of a particular kind, i.e., “ allowable service ” of at least 25 years.
It would require a markedly narrow reading of the statute to hold this was not to include a retirement “by reason of service ”, especially where it is to be observed that at least one other element than length of service, the age of the member, enters into the general conditions of section B20-41.0, setting up eligibility for retirement resulting from death.
The Military Law provision is that military service as well as allowable service as well as age are the conditions of a right to retire. It is a statute which has received a liberal construction (see Matter of Williams v. Walsh, 289 N. Y. 1) and it ought to be read as prescribing a retirement ‘ ‘ by reason of service ’ ’.
*62 Petitioner would be entitled to interest on the sum found to be due to the extent payment has been resisted by respondent. {Matter of Ayman v. Teachers’ Retirement Bd., 9 N Y 2d 119.)
The order dismissing the petition should be reversed and the proceeding remitted to the court at Special Term to determine, consistently herewith, the amount due petitioner, with costs to petitioner.