■ PRESCOTT EQUIPMENT SERVICE, INC., Respondent, v. HARTFORD INSURANCE GROUP, Appellant.— Order, Supreme Court, Broome County, entered on February 20, 1974, affirmed, with costs, on the opinion of Yesawich, J., at Special Term. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of RUBY S. KELLY et al., Appellants, v. STATE BOARD OF EXAMINERS OF NURSES et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered May 23, 1972 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Board of Examiners of Nurses denying them registered nurse licenses. Petitioners are applicants who seek to be licensed without examination as registered nurses pursuant to subdivision (4) of section 6905 of the Education Law as it existed at the time of their applications. Concededly, they meet all of the statutory requirements for licensure, but the board, in the exercise of its discretion, refuses to license them because they have each taken and failed the New York licensing examination more than one time. Special Term granted the board's motion to dismiss their petition for failure to state facts sufficient to entitle them to relief. We disagree with this result. As the basis for its decision, Special Term relies on the board's professed policy of granting licensure only to those applicants who have met the then-existing statutory requirements and not failed the New York examination more than one time. Citing *Matter of Williams* v. *Walsh* (289 N. Y. 1, 8) as its authority, it correctly states that, while class restrictions are not necessarily unlawful, the lines defining those restrictions must not be "arbitrary altogether" and the rule to be applied within those lines must be "uniform and even" (see, also, *People* v. *Teuscher*, 248 N. Y. 454, 459). Here, petitioners allege, *inter alia*, that the board's refusal to grant them licenses denies them the equal protection of the laws as guaranteed by both the New York Constitution (N. Y. Const., art. I, § 11) and the Fourteenth Amendment to the United States Constitution. Furthermore, an examination of their petition reveals an allegation that the board did grant licenses to some similarly situated applicants who had failed the New York examination more than once. Accepting this allegation as true for purposes of the motion to dismiss (*Semple* v. *Miller*, 38 A D 2d 174), we find that an issue of fact has clearly been presented as to whether the board's licensing policy was uniformly and evenly applied (cf. *Matter of Williams* v. *Walsh*, *supra*; *People* v. *Teuscher*, *supra*). Accordingly, a trial of this issue is required and dismissal of the petition was improper. Judgment reversed, on the law and the facts, with costs, and matter remitted for further proceedings consistent herewith and without prejudice to respondent's opportunity to answer pursuant to CPLR 7804 (subd. [f]). Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of YETTA GOLUB, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. See *Matter of Darwin (Catherwood)* (30 A D 2d 996). Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.