HON. WILLIAM L. BURKE County Attorney, Madison County
This is in response to your request for an opinion of the Attorney General relative to the Military Law. You state that a particular employee of the Madison County Highway Department is a member of the National Guard. Last summer this employee was called to serve two weeks of summer camp. The first week of his absence, June 28 through July 2, 1976, inclusive, was a regularly scheduled work week for the Department. The second week, July 5 through July 9, inclusive, was a department-wide vacation week for all employees of the Highway Department. No employees of the Department worked that week, and none of them were paid. The employees did not have the option of working that week. However, all employees were paid for July 5, since that date was a national holiday.
The employee in question was paid for the first week of his absence (June 28 through July 2) and he was paid for the holiday of July 5. He was not, however, paid for the days of July 6 through July 9, when the entire Department was on a mandatory and uncompensated vacation, since the Madison County Superintendent of Highways felt that the employee was not entitled to be paid.
You therefore inquire of this office whether the employee in question is entitled to be paid by Madison County for the days of July 6 through July 9, while he was attending summer camp with the National Guard.
Section 242 of the Military Law pertains to the rights of public officers and employees who are absent from their jobs while on military duty. Under the definitions contained in subdivision 1 of that section, the employee whom you mention in your inquiry would be considered a "public officer or employee," and his attendance at summer camp for the National Guard would constitute "ordered military duty" as defined therein. Therefore, the following provisions of section 242 would be applicable to the employee in question:
 "§ 242. Rights of public officers and employees absent on military duty as member of the organized militia or of reserve forces or reserve components of the armed forces of the United States
* * *
 "4. Employment rights. Time during which a public officer or employee is absent pursuant to the provisions of subdivisions two, three and three-a of this section shall not constitute an interruption of continuous employment and, notwithstanding the provisions of any general, special or local law or the provisions of any city charter, no such officer or employee shall be subjected, directly or indirectly, to any loss or diminution of time service, increment, vacation or holiday privileges, or any other right or privilege, by reason of such absence, or be prejudiced, by reason of such absence, with reference to continuance in office or employment, reappointment to office, reemployment, reinstatement, transfer or promotion.
 "5. Pay for thirty days. Every public officer or employee shall be paid his salary or other compensation as such public officer or employee for any and all periods of absence while engaged in the performance of ordered military duty, and while going to and returning from such duty, not exceeding a total of thirty days in any one calendar year and not exceeding thirty days in any one continuous period of such absence." (Emphasis supplied.)
In Fiorile v. Goldman (24 Misc.2d 944 [County Ct., Westchester Co., 1960], the Court, in discussing the above-cited statute, stated (p. 945):
 "The plaintiff's claim has as its foundation the provisions of subdivisions 4 and 5 of section 242 of the Military Law. In brief, those provisions bar the loss of vacation privilege, or any other privilege, through the absence on military duty of an officer or employee in public service, and require the payment of his salary during the period of military duty, so long as it does not exceed 30 days in any calendar year * * *."
The above case makes clear the fact that a public employee must be paid his ordinary salary while he is absent on military duty, not exceeding, however, 30 days in any calendar year. Thus, in the instant case, the Madison County Superintendent of Highways correctly determined that the employee in question was entitled to be paid for the first week of his absence, and for the federal holiday on July 5. However, the days of July 6 through July 9 were a mandatory vacation period and nobody in the department was allowed to work and nobody was compensated. Therefore, the employee in question would have had no salary during this period even if he had not gone to summer camp, and he is thus not entitled to be paid for that period simply because he was on military duty at that time.
As we have stated in a previous informal opinion of this office (1976 Att. Gen. 130), the military leave benefits of section 242 of the Military Law must be granted when a conflict between work time and military duty exists.
For the days of July 6 through July 9, no conflict existed between the employee's military duty and work time, and he is not, therefore, entitled to any benefits beyond those given to the other employees.
To argue that the employee in question should be paid while attending summer camp from July 6 through July 9, when nobody else in the department was paid, would work an absurd result, for it then could be argued by school teachers that they should be paid during their summer vacations for time spent on military duty. This does not appear to be the intended effect of the statute. It is the loss or diminution of benefits that is to be protected, and from July 6 to July 9 the employee was not treated any differently than his fellow employees. What he actually did during those days is of no concern as long as his benefits were not diminished in any way. In this case they were not.
We conclude, therefore, that an employee of a county highway department who is a member of the National Guard and attends a two-week summer camp is not entitled to be paid by the county for any days during that period when other employees in his department were on a mandatory, department-wide vacation without compensation.