**Pete J. THOMPSON**

v.

**Ralph REEDMAN, trading as Reedman Motors,**

**and**

**General Motors Corporation Chevrolet Motor Division.**

**Civ. A. No. 29776.**

United States District Court
E. D. Pennsylvania.

Nov. 20, 1961.

Arlen Specter, Philadelphia, Pa., for plaintiff.

Elston C. Cole, Philadelphia, Pa., for Reedman.

Charles L. Ford and John J. McDevitt, 3rd, Philadelphia, Pa., for General Motors.

JOHN W. LORD, Jr., District Judge.

. The problem before this Court for decision is whether or not the plaintiff should be allowed to amend his complaint to include additional counts of tort and contract arising out of a single occurrence.

. See also, 199 F.Supp. 120.

On September 13, 1958, the plaintiff was injured when the car in which he was riding as a guest became involved in an accident in Bucks County, Pennsylvania. At the time of the accident, both the driver of the car and the plaintiff-passenger were members of the armed forces. The plaintiff was separated from active military service on September 22, 1959, which facts are before this Court by affidavit. Plaintiff instituted suit against the driver of the car and in the course of depositions discovered that the driver of the car considered a defective accelerator pedal as a cause of the accident. Plaintiff, then, instituted suit against the seller and the manufacturer of the automobile, the defendants herein, on June 19, 1961 alleging the breach of express and implied warranties. Plaintiff now moves to amend his complaint to include counts of negligence and contract against the defendants.

The defendants strongly urge this Court to deny this motion because they contend both the original suit and the proposed amendments are barred by the interposition of the Pennsylvania statute of limitations requiring claims for personal injuries to be enforced within two years. Act of June 24, 1895, P.L. 236, 12 P.S. § 34. Plainly, this action is some nine months too late unless the statute of limitations is tolled.

■ This Court decides that the statute of limitations was tolled by the provisions of the Soldiers' and Sailors' Civil Relief Act since plaintiff was actively in the armed forces of the United States from the time of the accrual of the cause of action on September 13, 1958 until September 22, 1959.

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service * * * whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, * *." 50 U.S.C.A.Appendix, § 525.

■ This Act has met with liberal construction by the Courts. Mr. Justice Douglas states that " * * * the Act must be read with an eye friendly to those who dropped their affairs to answer their country's call." LeMaistre v. Leffers, 333 U.S. 1, 6, 68 S.Ct. 371, 92 L.Ed. 429 (1948).

■ The Court of Appeals for the Third Circuit held that the above section applies whether or not the cause of action accrued prior to or during the period of service and that its application is mandatory rather than permissive. Wolf v. Commissioner of Internal Revenue, 264 F.2d 82 (3rd Cir.1959).

In Zitomer v. Holdsworth, 178 F.Supp. 504 (E.D.Pa.1959), Judge Steel aptly presented the test for application (p. 506):

"* * * the critical factor which brings § 525 into play is that of military service. When that circumstance is shown, the period of limitations is automatically tolled for the duration of that service."

From the foregoing review of authorities, it appears that in the instant case the statute of limitations is not a bar to a suit by the plaintiff. Thus, the allowance of the suit and the amendments in question here is decided favorably to the plaintiff.

■ Leave to amend "shall be freely given when justice so requires." Fed.R. Civ.P. rule 15(a), 28 U.S.C.A. The Courts have shown much liberality in allowing amendments. Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865 (4th Cir. 1941). Amendment will be allowed once the Court assures itself that no undue prejudice will result to the opposing litigant. In the instant case the only prejudice to the defendants will be the allowance of suit some nine months after the Pennsylvania statute of limitations would have normally expired. But, since the application of the Federal Act clearly pro-

tects this plaintiff in his claim for relief, this Court cannot decide that there is such undue prejudice as would restrain it from granting the desired amendments.

It is unnecessary to decide whether the proposed amended count sounding in contract should have a two year or a six year statute of limitation since we find that the instant action is within the two year statute by virtue of the tolling.

The motion of plaintiff to amend his complaint will be allowed and it is so ordered.