78 N.J. Super. 163 (1962)
188 A.2d 47
FRANCIS J. MURRAY, PLAINTIFF,
v.
BERILL ROGERS, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided December 17, 1962.
*164 Mr. Bernard Chazen argued the cause for plaintiff (Messrs. Baker, Garber & Chazen, attorneys; Mr. Nathan Pearlman, of counsel).
Mr. Charles A. Rooney, Jr., argued the cause for defendant and the Unsatisfied Claim and Judgment Fund Board (Messrs. Rooney, Peduto & Sheehy, attorneys).
BERONIO, J.C.C. (temporarily assigned).
This is an application for an order directing the Treasurer of the State of New Jersey to make payment to the plaintiff of $7,500 and costs by reason of a judgment entered in the Hudson County Court against the defendant and in favor of the plaintiff on September 19, 1962.
The Unsatisfied Claim and Judgment Fund Board, N.J.S.A. 39:6-61 et seq. by its attorney agreed to the *165 settlement; however the Fund reserved the right to resist payment on the ground of lack of timely notice. N.J.S.A. 39:6-65 provides as follows:
"Any qualified person, or the personal representative of such person, who suffers damages resulting from bodily injury or death or damage to property arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, and whose damages may be satisfied in whole or in part from the fund, shall, within 90 days after the accident, as a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board, the form and contents of which shall be prescribed by the board, of his intention to make a claim thereon for such damages if otherwise uncollectible; * * *."
It is conceded by the parties that the accident occurred October 17, 1959, and the notice of intention to make a claim against the Unsatisfied Claim and Judgment Fund was not filed until April 21, 1960.
The defendant contends that the notice of intention was not filed within the statutory 90-day period, and the application for payment of the aforesaid judgment from the Fund should be denied.
The plaintiff contends, and it is not disputed by the defendant, that during the period between the date of the accident and the filing of the notice of claim with the Fund, the plaintiff was in the armed forces of the United States was in fact a member of the armed forces until November 1960, at which time he was honorably discharged.
The plaintiff further contends that the period during which he was entitled to make claim against the Unsatisfied Claim and Judgment Board was extended until his discharge from active duty, by reasons of the provision of the Soldiers and Sailors Civil Relief Act, 50 U.S.C.A., Appendix, § 525, which provides in part as follows:
"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government *166 by or against any person in military service * * * whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service * * *."
The defendant contends this statute does not relieve the plaintiff of the necessity of serving the notice of intention with the Fund within the statutory 90-day period, and he is therefore barred from any payment from the Fund. This is the sole issue involved between the parties on this motion.
The Federal Soldiers and Sailors Civil Relief Act manifests as its major premise the concept of safeguarding and preserving the legal remedies and defenses of all personnel engaged in active military service which under ordinary circumstances and conditions might debar a civilian litigant, See Van Heest v. Veech, 58 N.J. Super. 427 (Cty. Ct. 1959).
Recently the New Jersey Legislature, recognizing the threat to the security of our nation and the fact that larger numbers of our citizens may be called into military service, passed a similar act, L. 1962, c. 119 (N.J.S.A. 38:23A-8 to 34). While this act was not effective until July 25, 1962, it demonstrates the public policy of our State.
The federal courts have decided that the Soldiers and Sailors Civil Relief Act, supra, is to be liberally construed. Thompson v. Reedman, 201 F. Supp. 837 (D.C. Pa. 1961). It has likewise been decided by our courts that the Unsatisfied Claim and Judgment Act, supra, is to be construed liberally. Giles v. Gassert, 23 N.J. 22, 34 (1956).
There is no case precisely on point in this State; however, in the case of Calderon v. City of New York, 184 Misc. 1057, 55 N.Y.S.2d 674 (Sup. Ct. 1945), the question involved was whether the plaintiff who was suing the City of New York and who was in the armed forces of the United States at the time, failed to comply with the New York statute requiring him to file a written notice of claim with the City of New York within six months. Normally, the failure to comply with this requirement would bar him from his remedy for personal injury against the City of New York. The *167 court held that "It is entirely immaterial what label or legal designation be applied to the notice of claim whether it be called a statute of limitation, a condition precedent, or even a `circumstance necessary to the creation of such right.' The nomenclature is unimportant and the defendant's contention is untenable." See also Hamp v. City of New York, 11 Misc.2d 733, 178 N.Y.S.2d 344 (Sup. Ct. 1957); The West Point, 71 F. Supp. 206 (D.C. Va. 1947).
A reading of 50 U.S.C.A., Appendix § 525 (section 205 of the Soldiers and Sailors Civil Relief Act of 1940, as amended) clearly suspends any time limitation or barrier of any type in favor of members of the armed forces while they are actually in the military service.
The fact that plaintiff, a member of the armed forces, was stationed at a service base in a neighboring state does not alter his primary obligation. The international crisis existing during the last decade has resulted in large numbers of young men being called to active duty in the military services. As a consequence of this continuing environment, the Congress and our State Legislature have granted members of our armed forces dispensations in connection with time limitation barriers.
It is therefore the court's opinion that the plaintiff's laxity in not giving notice of intention to the Unsatisfied Claim and Judgment Fund Board within the prescribed period did not foreclose his rights under our statute. Accordingly, the plaintiff's motion is granted, and a proper order is to be submitted to the court for signature.