**David G. KILFOILE, Appellant,**

v.

**Donna Maria SHERMAN, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1975.

George K. Harris, Radcliff, for appellant.

James M. Collier, Elizabethtown, for appellee.

GARDNER, Commissioner.

■ Appellant's complaint for recovery for personal injury in an automobile accident was dismissed because the action was not brought within one year from the date of the injury. KRS 413.140(1)(a). Appellant contends that since he was a member of the armed services at the time of the accident and at the time of the filing of the complaint, running of the statute of limitations of Kentucky was tolled by 50 U.S.C. App. section 525 (Soldiers' and Sailors' Civil Relief Act), which provides:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 (Oct. 6, 1942) be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax or assessment."

We do not find where this court has interpreted the federal statute as it might apply to the Kentucky statute of limitations. Other jurisdictions have accepted the federal statute at face value and have not seriously questioned its validity in suspending the running of limitations by or against persons in military service. See *Warinner v. Nugent,* 362 Mo. 233, 240 S.W.2d 941, 26 A.L.R.2d 278, 287 (1951); *Campbell v. Rockefeller,* 134 Conn. 585, 59 A.2d 524 (1948); *Blazejowski v. Stadnicki,* 317 Mass. 352, 58 N.E.2d 164 (1944); *Ray v. Porter,* 464 F.2d 452 (6 Cir., 1972).

It is our opinion that the federal statute is valid, and by its unambiguous terms appellant's right of action was not barred by KRS 413.140(1)(a).

■ Appellee also contends that appellant's failure to provide a memorandum supporting his position that the federal statute was applicable, as directed by the trial court, constituted a waiver of his right to rely on the federal statute. We disagree.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.

All concur except LUKOWSKY, J., who did not sit.