FRANCIS X. STONE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7867–79.    Filed January 2, 1980.

Francis X. Stone, pro se.
*Cheryl White,* for the respondent.

### OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* On July 16, 1979, respondent filed a "Motion to Dismiss for Lack of Jurisdiction" on the ground that the petition was not filed within the statutory period prescribed by sections 6213(a)[2] and 7502. Petitioner timely filed a written objection to such motion, and a hearing was held thereon at Washington, D.C., on October 3, 1979.

Respondent determined a deficiency in petitioner's Federal income tax for 1976 in the amount of $227.30. On March 2, 1979,

---

[1]Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.

[2]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

respondent mailed a statutory notice of deficiency to petitioner by certified mail to his last known address at P.O. Box 70, Ellesworth Hill Road, Wentworth, N.H. Pursuant to section 6213(a), a taxpayer may file a petition with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed, not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day.[3] The last day for timely filing a petition in this case was Thursday, May 31, 1979, which was not a legal holiday in the District of Columbia.

On June 11, 1979, 101 days after the mailing of the notice of deficiency, this Court received and filed the petition herein. The envelope in which the petition was enclosed was mailed by regular mail from Washington, D.C., on June 8, 1979, 98 days after the mailing of the notice of deficiency. Petitioner, throughout all times relevant to these proceedings, has been an officer on active duty in the U.S. Air Force. The facts set forth above are undisputed.

It is clear that the petition was not received by the Court within the 90-day period prescribed in section 6213(a). Section 7502, however, provides that a petition received after the 90th day but mailed on or before the 90th day is deemed filed on the date of the U.S. postmark on the cover in which the petition is filed. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. *Cassell v. Commissioner*, 72 T.C. 313 (1979); *Estate of McGarity v. Commissioner*, 72 T.C. 253 (1979); *Healy v. Commissioner*, 351 F.2d 602 (9th Cir. 1965). In this case, there is no question that the envelope in which the petition was enclosed bears a postmark of June 8, 1979, 98 days after the mailing of the notice of deficiency. Nonetheless, petitioner asserts that since he has been an active duty officer of the U.S. Air Force at all relevant times,

---

[3] SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

the statutory period for filing prescribed by sections 6213(a) and 7502 is tolled under the provisions of section 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, sec. 525, which reads as follows (referred to herein as sec. 205):

Statutes of limitations as affected by period of service—

The *period of military service shall not be included* in computing any period now or hereafter to be limited by any law, regulation, or order *for the bringing of any action* or proceeding *in any court*, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942 be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment. [Emphasis added.]

Numerous Federal and State courts have held that the provisions of sec. 205 are to be liberally construed. E.g., *Worlow v. Mississippi River Fuel Corp.*, 444 S.W.2d 461 (Mo. 1969); *Murray v. Rogers*, 78 N.J. Super. 163, 188 A.2d 47, 49 (1962); *Thompson v. Reedman*, 201 F. Supp. 837 (E.D. Pa. 1961); *Shell Oil Co. v. Industrial Commission*, 407 Ill. 186, 94 N.E.2d 888 (1950); *Parker v. State*, 57 N.Y.S.2d 242, 248, 185 Misc. 584, (1945). These courts have further held that under section 205, which provides that the period of military service shall not be included in computing any period limited by law for the bringing of any action, it is not necessary to show that a party's ability to institute an action was affected by his military service; section 205 involves no element of discretion but automatically requires a tolling of a statutory filing limitation during the period of military service. E.g., *Syzemore v. County of Sacramento*, 55 Cal. App. 3d 517, 127 Cal. Rptr. 741 (1976); *Richard v. Birch*, 529 F.2d 214 (4th Cir. 1975); *Newman v. Newman*, 234 Ga. 297, 216 S.E.2d 79 (1975); *Ray v. Porter*, 464 F.2d 452, 455–456 (6th Cir. 1972); *Wolf v. Commissioner*, 264 F.2d 82, 88 (3d Cir. 1959); *Zitomer v. Holdsworth*, 178 F. Supp. 504 (E.D. Pa. 1959).

In the present case, section 6213(a) requires that a petition be filed with this Court within 90 days after the issuance of a notice of deficiency. Numerous courts have applied section 205 of the Soldiers' and Sailors' Civil Relief Act to toll analogous statutes requiring the filing of a claim within a specified time period

after the occurrence of a particular event. For example, the Court of Appeals of California held in *Syzemore v. County of Sacramento, supra,* that the 100-day statutory time period for presenting a claim for damages against the county arising out of an accident injuring a serviceman was tolled during his period of military service and, accordingly, the serviceman's claim against the county filed 119 days after the accident, but during the time he was in the military service, was not barred. Likewise, the Court of Claims of New York held in *Parker v. State, supra,* that section 205 of the Soldiers' and Sailors' Relief Act extended the statutory time limit for the filing of a claim or notice of intention to file a claim for the difference between a State employee's salary and his pay as an army officer for the period of his ordered active military duty, so that the filing of such a claim during such period while the claimant was still on duty, though not within the statutory time after paydays on which the causes of action accrued, was timely. Also, in *Murray v. Rogers, supra,* section 205 relieved the plaintiff of the requirement of serving notice of intention to make a claim against the "Unsatisfied Claim and Judgment Fund" within the statutory 90-day period. See also *Kilfoile v. Sherman,* 535 S.W.2d 69 (Ky. Ct. App. 1975); *Shell Oil Co. v. Industrial Commission, supra; Card v. American Brands Corp.,* 401 F. Supp. 1186 (S.D. N.Y. 1975).

Despite the aforementioned case law dealing primarily with statutory time limits for filing actions under State law, section 205 provides no relief to petitioner in the present case. Congress clearly and unequivocally precluded the applicability of section 205 to the provisions of the Internal Revenue Code in section 207 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, sec. 527, which reads as follows:

Limitations prescribed by internal revenue laws as affected by period of service

Section 205 of this Act shall not apply with respect to any period of limitation prescribed by or under the internal revenue laws of the United States.

Accordingly, the statutory time period for petitioner prescribed by sections 6213(a) and 7502 was not tolled under the provisions of the Soldiers' and Sailors' Civil Relief Act, and respondent's motion to dismiss for lack of jurisdiction must be granted.

We note that the Internal Revenue Code contains its own

relief provisions for the tolling of the period to file a petition for members of the Armed Forces. Section 7508 (a)(1)(C) excludes the period during which a member of the Armed Forces is present in a "combat zone" in determining the time allowable for the filing of a petition with the Tax Court for a redetermination of a deficiency. Petitioner admits that he was not in a "combat zone" during the relevant time period; therefore, this section provides him no relief.

In accordance with the foregoing,

*An appropriate order will be issued.*

---

[1]All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise indicated.