JOHN E. JUDGE AND KATHLEEN JUDGE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Judge v. Commissioner
Docket No. 6699-84.
United States Tax Court
T.C. Memo 1984-527; 1984 Tax Ct. Memo LEXIS 148; 48 T.C.M. (CCH) 1273; T.C.M. (RIA) 84527; October 2, 1984. *148 Ps claimed to have timely filed their petition from a 1976 deficiency notice in the same envelope as the petition in another case, in which the husband P acted as attorney. The Clerk of this Court never received Ps' petition or the filing fee, although he received both the petition and a check for the fee for the other case. Held, the evidence does not support a finding that Ps' petition was ever sent. R sent a timely notice of deficiency for 1977 to Ps' last known address. After two delivery attempts the Post Office returned the notice stamped "Unclaimed." Held, because proper mailing by R, not Ps' receipt, meets the requirements of the statute, R's Motion to Dismiss for Lack of Jurisdiction is granted. John E. Judge, for the petitioners. Sarah A. Hall, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction was assigned to Special Trial JudgeFrancis J. Cantrel for hearing, consideration and ruling thereon. [1] After a review of the record, we agree with and adopt his opinion, which is set forth below. OPINION OF THE *149 SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed on May 3, 1984, which is based on the premise that the petition herein was not timely filed pursuant to sections 6213(a) and 7502.[2] Petitioners filed a response to respondent's motion on June 1, 1984, and the Court held a hearing thereon at Washington, D.C. on August 22, 1984. No appearance was made by or on behalf of petitioners nor was any further response to respondent's motion filed. See Rule 50(c). [3] Counsel for respondent appeared and presented argument. In addition, the Court called two witnesses. At the conclusion of the hearing, the Court took respondent's motion under advisement. Respondent, in separate notices of deficiency sent by certified mail to petitioners at their last known and correct address on March 21, 1983 for the taxable year 1976, and on April 16, 1982 for the taxable year 1977, determined a deficiency in petitioners' Federal income taxes for 1976 based on the *150 disallowance of claimed losses from a partnership and for 1977 based on the disallowance of a claimed investment tax credit.The amounts of the tax deficiencies are $4,669.40 for the tax year ending December 31, 1976 and $12,599.00 for the tax year ending December 31, 1977. 1976 Deficiency
Petitioners claim that they filed a timely petition under section 6213(a) with respect to the 1976 notice of deficiency and that their petition was contained in the same envelope in which Mr. Judge, acting as taxpayers' attorney, sent the petition in another case, Dorsey v. Commissioner, Docket No. 13991-83 (hereinafter referred to as "Dorsey"). The Dorsey petition was received and filed on June 6, 1983. A docket sheet was opened for Dorsey on that date. One check for the $60 filing fee was received and processed. [4] *151 The petition arrived in a standard business envelope (9 1/2" X 4") with $ .20 postage. Since only an original petition in Dorsey was received and no copies, as required by Rule 34(d), were sent, the Court made the requisite two copies of the Dorsey petition. The Court follows standard procedures when more than one original petition arrives in the same envelope. Each petition is assigned a separate docket number and docket sheets are opened for each case. In addition, on the first page of the extra petition in the envelope, the Clerk stamps the docket number of the other case in which the envelope is filed. These procedures were not carried out when the Court received the Dorsey petition. As the docket sheet in this case shows, the petition in the present Judge case was dated March 9, 1984 and was filed on March 14, 1984. Depsite the above facts, and in response to a court order dated June 12, 1984, petitioners submitted a receipt for certified mail (P 369 269 520) for an item sent to the Court on June 1, 1983 from Mr. Judge. The address along with a notation on the side of the receipt - "Dorsey" - were typed *152 with the same typewriter or typeface. An additional notation, "and Judge", was typed with a different typewriter or typeface and was out of alignment with the "Dorsey" notation, although it appears that an attempt had been made to align the two segments. A fair reading of all the facts in this case leads inescapably to the conclusion that no Judge petition was filed in June 1983.The petition, an unsigned copy of which is attached as Exhibit A to petitioners' Opposition to Motion to Dismiss Complaint, filed on June 1, 1984, in fact has never been filed with this Court. The evidence shows that in the Dorsey record a docket sheet was opened, a petition filed on June 6, 1983, and a filing fee check processed. No such procedures, on the other hand, were begun or carried out for petitioners at that time, although both petitions were supposed to have been in the same envelope. Only a two-page original Dorsey petition was sent, not an original plus two copies as required. An examination of the envelope discloses no sign that it contained anything more than the two-page Dorsey petition; the $ .20 postage on the envelope supports this conclusion. Furthermore, the Court received only one *153 check from Mr. Judge - the filing fee in the Dorsey record. Petitioners have presented no evidence to indicate that Mr. Judge sent another check at the same time. Moreover, the certified mail receipt which had "and Judge" noted on the side cannot be taken as credible evidence that a petition for the Judges was included in the envelope. That notation was typed by a different typewriter or typeface from that used to type the rest of the information on the receipt, and that notation was out of alignment with the "Dorsey" notation. These facts, taken with the rest of the evidence, can only mean that the "and Judge" notation was added later in an attempt to provide evidence that the Judges had timely filed their petition. Finally, we feel that it is not only appropriate but necessary to comment on Mr. Judge's conduct. We find it shocking that an attorney who is admitted to practice before this Court would engage in such conduct to ameliorate the lack of evidence in support of his position. 1977 Deficiency
The petition that was filed on March 14, 1984 addresses the April 16, 1982 notice of deficiency for 1977. [5] Petitioners claim that this notice was not timely because they never received *154 it, although it was sent certified mail. Respondent sent the notice onApril 16, 1982. The Post Office made two attempts to deliver the notice, on April 19 and 27, 1982. Petitioners were apparently on vacation at the time. Thereafter the notice marked "unclaimed" was returned to respondent. Since the Court has found that the earlier petition was never filed, the remaining issue before the Court is whether the March 16, 1984 petition was timely filed pursuant to sections 6213(a) and 7502. Respondent claims that it was not. Petitioners claim that they never received the notice of deficiency for 1977, that they first learned of it after a statement of tax due dated November 15, 1982 was sent to them and that therefore the 90-day limitation period never began to run. For the reasons set forth below, we agree with respondent. Section 6213(a), which permits the filing of petitions with this Court, provides in part-- * * * Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed *155 (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The time provided for the filing of a petition with this Court is jurisdictional and cannot be extended.Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. Blank v. Commissioner,76 T.C. 400, 403 (1981); Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner,73 T.C. 896, 898 (1980); Stone v. Commissioner,73 T.C. 617, 618 (1980); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). Section 6212(a) provides that the Secretary is authorized to send a notice of deficiency to a taxpayer when he determines a deficiency in Federal income tax. Section 6212(b)(1) provides that "* * * notice of deficiency * * * if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability * * *." Proper mailing, not receipt, is all section 6212(b)(1) requires. Wallin v. Commissioner,     F.2d     (9th Cir., Aug. 28, 1984), *156 revg. a Memorandum Opinion of this Court; [6]Wilson v. Commissioner,564 F.2d 1317, 1319 (9th Cir. 1977), cert. denied 439 U.S. 832 (1978); DeWelles v. United States,378 F.2d 37 (9th Cir. 1967); Zenco Engineering Corp. v. Commissioner,75 T.C. 318 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). Petitioners do not dispute that respondent timely mailed the notice of deficiency to their last known address. The envelope from respondent was stamped "unclaimed" by the Post Office after two delivery attempts. Petitioners say they were on vacation at the time of these attempts and imply that respondent purposely sent the notice then so that petitioners would not receive it. There *157 is absolutely no evidence in this record to support the latter contention. The Commissioner fulfilled his duty of proper mailing and was not required to insure that the notice was actually received. Consequently, the statutory notice of deficiency was timely issued. Having determined the notice was timelyissued, we must determine whether the petition was timely filed.The notice was issued on April 16, 1982 and the 90th day thereafter was Thursday, July 15, 1982. The petition was filed on March 14, 1984, and was therefore not timely filed. On this record respondent's motion will be granted in every respect. [7]
An appropriate order of dismissal will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. A copy of the petition in Dorsey was received into evidence as Court's Exhibit I at the Motion hearing; a copy of the check number 1606 dated 6-1-83 from Mr. Judge's law office was received as Court's Exhibit II; a copy of the Court's service sheet dated June 10, 1983 was received into evidence as Court's Exhibit III; and copies of the Dorsey (Docket No. 13991-83) and Judge↩ (Docket No. 6699-84) docket sheets were received into evidence as Court's Exhibit IV.
5. There are copies of Forms 872 (Consent to Extend the Time to Assess Tax) in this record which extend the period during which respondent could assess the tax to June 30, 1982.↩
6. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit. Wallin v. Commissioner,     F.2d     (9th Cir., Aug. 28, 1984), revg. a Memorandum Opinion of this Court, involved the issue of whether or not the Commissioner exercised reasonable diligence in ascertaining the taxpayer's correct address. This issue is not involved in the instant proceeding and thus we need not decide whether we concur in the Ninth Circuit's reversal in Wallin.↩
7. We do not address other arguments raised by petitioner as they are irrelevant.↩