JAIME AND BERTHA BENREY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benrey v. Commissioner
Docket No. 30583-85.
United States Tax Court
T.C. Memo 1986-135; 1986 Tax Ct. Memo LEXIS 471; 51 T.C.M. (CCH) 796; T.C.M. (RIA) 86135; April 7, 1986. *471 207 days after the mailing of the notice of deficiency, the Court received an "Amended Petition" which was filed as a petition. Ps maintain that an original petition was timely mailed to the Court by ordinary mail 8 days before the expiration of the 90-day period for filing a petition. In response to R's Motion to Dismiss for Lack of Jurisdiction, Ps argue they ar entitled to a presumption that the original petition was received by the Court in the ordinary course of mail. Held, Ps are not entitled to a presumption that the original petition was received by the Court. Accordingly, Ps failed to prove that the original petition was timely filed. R's Motion is granted. Robert D. Grossman, Jr.,[1] for the petitioners. *472 David H. Peck and Will E. McLeod, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction filed herein was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration and ruling thereon. [2] After a review of the record, we agree with and adopt his opinion which is set forth below. *473 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed on October 25, 1985.Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502. [3]
Respondent, in his notice of deficiency issued to petitioners on January 10, 1985, determined a deficiency in petitioners' Federal income tax and additions to the tax for the taxable caledar year 1981 in the following respective amounts: Additions to Tax, I.R.C. 1954
Year
Income Tax
Section 6653(a)(1)
Section 6653(a)(2)
1981
$37,750.00
$1,887.50
50% of the interest
due on $37,750.00
The record is clear that respondent mailed the notice of deficiency on January 10, 1985 by U.S. certified mail (No. 16853) to petitioners at their last known address pursuant to section 6212. Section 6213(a), which permits the filing of petitions with this Court, provides in part: Within 90 days * * * after the notice of deficiency authorized in section 6212 *474 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The 90th day after the mailing of the notice of deficiency was Wednesday, April 10, 1985, which date was not a legal holiday in the District of Columbia.On August 5, 1985, 207 days after the mailing of the notice of deficiency, the Court received a document entitled "Amended Petition" which was filed by the Court on that same day as petitioners' petition. The cover in which the petition was received is postmarked August 2, 1985, 204 days after the mailing of the notice of deficiency. The petition states, in pertinent part: The petitioners hereby amend their petition filed in the above-entitled case on April 2, 1985 by alleging as follows: 1. On April 2, 1985, the original and three conformed copies of a petition from the respondent's notice of deficiency dated January 10, 1985 were timely mailed to the Clerk of Court. * * * 2. On information and belief, the Clerk's office has no record of receipt of the petition filed on April 2, 1985. [4]
*475 A search of the Court's records revealed that the April 2, 1985 petition (original petition) has not been filed with the Court nor was there any record of its receipt. Petitioners filed a Notice of Objection on November 14, 1985 wherein they opposed respondent's motion on the basis that a petition was mailed on April 2, 1985, 8 days before the expiration of the 90-day period for filing a petition with the Court. It is petitioners' position that they are entitled to a presumption that letters deposited in the United States mails will be received by the addressee in due course. A hearing on respondent's motion was conducted in Washington, D.C. on December 18, 1985, at which time counsel for the parties appeared and presented argument. Petitioners' counsel of record, who prepared and signed both petitions, his secretary, and the law firm's accountant testified at the hearing. Their testimony was offered to establish: 1 - that a petition was prepared on April 2, 1985, 2 - that a check payable to the Tax Court was prepared on April 2, 1985, 3 - that the petition and check were mailed to the Tax Court on April 2, 1985, and 4 - that neither the petition nor the check have *476 been returned to the law firm. Petitioners argue that by virtue of the uncontradicted testimony presented to the Court they are entitled to a presumption that the petition was received by the Court in due course. Respondent, by and through his motion and at the hearing at Washington, D.C. on December 18, 1985, urges that we dismiss this case on the ground that the petition, entitled "Amended Petition," was received and filed 207 days after the mailing of the notice of deficiency. With respect to the earlier petition dated April 2, 1985, respondent argues that filing occurs on the physical delivery of the document unless petitioners come within the protection afforded under section 7502. At the conclusion of the hearing, the motion was taken under advisement. The burden of proving that this Court has jurisdiction is upon petitioners. Cassell v. Commissioner,72 T.C. 313, 317-318 (1979); Harold Patz Trust v. Commissioner,69 T.C. 497, 503 (1977), and cases cited therein. A petition for redetermination of a deficiency must be filed with this Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, after *477 the notice of deficiency is mailed to a taxpayer. Section 6213. The time provided for the filing of a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. Blank v. Commissioner,76 T.C. 400, 403 (1981); Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner,73 T.C. 896, 898 (1980); Stone v. Commissioner,73 T.C. 617, 618 (1980); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). Filing is completed when the petition is received by the Court, unless the exception provided in section 7502 applies. Sylvan v. Commissioner,65 T.C. 548, 550 (1975). Congress enacted section 7502 to alleviate the hardships resulting from the failure of the mail to function properly, i.e., alleviate hardships resulting from variations in postal performance when a document is timely mailed. Sylvan v. Commissioner,supra at 551. Section 7502(a) provides as a general rule that if the petition is delivered *478 to the Tax Court by United States mail in an envelope properly addressed, postage prepaid "the date of the United States postmark stamped on the cover" in which such petition is mailed "shall be deemed to be the date of delivery" of the petition to the Court, and hence the filing date. The provisions of section 7502(a) are applicable, however, only if the petition is delivered to the Court. Section 301.7502-1(d)(1), Proced. & Admin. Regs. See Deutsch v. Commissioner,599 F.2d 44, 46 (2d Cir. 1979), affg. an order of dismissal by this Court, cert. denied 444 U.S. 1015 (1980). [5] But, in the case of a petition sent by U.S. registered mail or certified mail, section 7502(c) and section 301.7502-1(d)(1), Proced. & Admin. Regs., establish that actual delivery is not a requirement when registered or certified mail is used, unlike the case when a document is sent by ordinary mail. See Storelli v. Commissioner, 86 T.C.     (filed March 24, 1986). However, where a taxpayer must rely on section 301.7502-1(d)(1), Proced. & Admin. Regs., to establish prima facie evidence that the petition was delivered by registered or certified mail, strict proof that *479 the requirements of the regulations have been satisfied is necessary before the taxpayer is entitled to a presumption of delivery. See Storelli v. Commissioner,supra.
Petitioners attempt to prove delivery and timeliness without benefit of section 7502.It is petitioners' position that they are entitled to a presumption that the original petition mailed 8 days prior to the expiration of the 90-day period was received by the Court in the due course of the mail, and, because respondent did not introduce evidence to rebut that presumption, the original petition should be deemed timely filed under section 6213. Petitioners steered the Court away from the provisions of section 7502 since it is clear that neither the petition received by the Court on August 5, 1985 nor the original petition mailed on April 2, 1985 would be considered timely filed under the objective standards provided by that section. Nonetheless, and in spite of their creative argument, we are not persuaded that the original petition was timely filed under section *480 6213. We simply cannot agree that petitioners are entitled to a presumption of delivery. Prior to the enactment of section 7502 courts often invoked a presumption of delivery in due course of the mails in order to mitigate the harsh inequities resulting from a literal adherence to the filing requirements of section 6213. See Wells Marine, Inc. v. Renegotiation Board,54 T.C. 1189, 1191-1192 (1970), and cases cited therein. Recognizing the inequities and the uncertainty of the measures being taken by the courts to adjust them, Congress enacted section 7502 to alleviate the hardships resulting from the failure of the mail to function properly. See Sylvan v. Commissioner,supra at 557 (Drennen, J., dissenting); Wells Marine, Inc. v. Renegotiation Board,supra.In enacting section 7502 Congress provided a specific means by which a taxpayer could ensure proof of delivery and the timeliness of the petition. See section 7502(c) and the regulations thereunder which set forth the requirements for reliance on registered or certified mail in establishing prima facie evidence of delivery. Congress apparently considered the possibility *481 that a petition properly mailed would not be received by the addressee. Had Congress intended that proof of ordinary mailing would constitute prima facie evidence of delivery, it would have so provided. Accordingly, the remedial provisions of section 7502(c) pertaining to prima facie evidence of delivery do not apply when a petition mailed by ordinary mail is not received by the Court. [6]
Petitioners advocate that section 7502 is not the exclusive exception to the literal language of section 6213 and that they are entitled to a presumption of delivery as invoked by courts prior to the enactment of section 7502. We disagree. As previously stated, for purposes of section 6213 a petition is filed on the date *482 it is actually received, except that if the requirements of section 7502 are met, the petition shall be considered to be filed on the postmark date. [7] Because the original petition dated April 2, 1985 was not actually received by the Court, and because petitioners' have failed to satisfy the objective standards of section 7502 thus enabling them to establish prima facie evidence of delivery, respondent's motion to dismiss will be granted. [8]
*483 As stated by this Court in Foerster v. Commissioner,T.C. Memo. 1981-32, "[W]e are not unmindful that the seeming inequities to the taxpayer would not exist had the alternative procedure provided by section 7502(c)(1) of mailing the petition by registered mail been followed." On the basis of this record, we conclude that we lack jurisdiction over this case. [9]
An appropriate order of dismissal for lack of jurisdiction will be entered.
Footnotes
1. Mr. Grossman, while admitted to practice before this Court, has not filed an entry of appearance. However, he was recognized specially for the purpose of presenting argument respecting respondent's motion.↩
2. This case was assigned pursuant to sec. 7456(d)(4), Internal Revenue Code of 1954, as amended, and Rule 180, Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenur Code of 1954, as amended.↩
4. Attached to the petition are copies of the original petition dated April 2, 1985, a Place of Trial Designation dated April 2, 1985, and a transmittal letter directed to the Clerk of Court dated April 2, 1985. (Exhibits A-C, respectively.)↩
5. See also Foerster v. Commissioner,T.C. Memo. 1981-32; cf. Herrera v. Commissioner,T.C. Memo. 1984-47↩.
6. See Deutsch v. Commissioner,599 F.2d 44, 46 (2d Cir. 1979), affg. an order of dismissal of this Court, cert. denied 444 U.S. 1015 (1980), where the Court stated, "Both administrative convenience and the likelihood that a petition never received was never sent support the rationale of [section 7502]." In Deutsch↩ the Court barred the taxpayer from proving that he mailed the petition in any way other than as provided by section 7502.
7. See Bloch v. Commissioner,254 F.2d 277, 279↩ (9th Cir. 1958), where the Court indicated that since the enactment of sec. 7502, "There are no presumptions which we can indulge in appellant's [taxpayer's] behalf * * *." 8. Petitioners reliance on our opinion in Sylvan v. Commissioner,65 T.C. 548 (1975), is misplaced. In Sylvan there was documentary evidence that the petition was mailed since it arrived in the Court's mailroom via U.S. mail, albeit on the 91st day. Thus, the Court could determine by objective proof that the cover was properly addressed and the postage prepaid. Similarly, in Curry v. Commissioner,571 F.2d 1306↩ (4th Cir. 1978), revg. and remanding an order of dismissal of this Court, the Court had before it objective evidence that the petition was properly mailed since the petition and envelope in which it was contained were before the Court.
9. See and compare Miller v. United States,    F.2d    (6th Cir., Mar. 3, 1986, 86-1 USTC par. 9261), affg. an unreported District Court's order. In Miller↩ the court considered sec. 7502(c)(1) and affirmed the lower court's dismissal for lack of subject matter jurisdiction because plaintiff's claim for refund was never received by the Internal Revenue Service and it was not sent by registered mail.