T.C. Memo. 2001-11

UNITED STATES TAX COURT

DAVID AND CARYN PETERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1440-00.                    Filed January 22, 2001.

<u>Sheldon A. Smith</u>, for petitioners.

<u>Melissa J. Hedtke</u>, for respondent.

MEMORANDUM OPINION

PARR, <u>Judge</u>:  This case is before the Court on respondent's
Motion To Dismiss for Lack of Jurisdiction (respondent's motion).
Respondent seeks dismissal on the ground that the petition was
filed untimely.  Petitioners, in their objection to respondent's
motion, allege that the petition was deposited in the mail before
expiration of the 90-day period for filing and therefore was

filed timely. As discussed in detail below, we shall grant respondent's motion.

Background

In a notice of deficiency dated October 26, 1999, and sent by certified mail on that day, respondent determined a deficiency of $1,403 in petitioners' Federal income tax for the taxable year 1997. There is no dispute that respondent mailed the notice to petitioners' last known address. Petitioners resided in Columbus, North Dakota, at the time they filed their petition in this case. The petition, signed by petitioners' attorney, Sheldon A. Smith (Mr. Smith), is dated January 24, 2000.

The envelope in which the petition was mailed bears a private-meter stamp date that reads "Bismark N. Dak. Jan 24 '00". Affixed to the envelope are a certified mail receipt sticker (No. Z 354 628 323) and the anchors for the so-called certified mail green card used to confirm receipt. Neither the envelope nor the certified mail receipt sticker bears any U.S. Postal Service postmark. An employee of the Tax Court signed the green card on February 8, 2000, and it was returned to petitioners in due course by the U.S. Postal Service.

Petitioners attached the affidavits of two of Mr. Smith's employees to their objection to respondent's motion. In the first affidavit, Michelle Leary stated that she did not alter the date on the private meter to falsify the date stamp, that the

envelope containing petitioners' petition was put through the private meter, and that she instructed Laura Pfeifer (Ms. Pfeifer), a file clerk, to put the envelope in the mail. In the second affidavit, Ms. Pfeifer stated that she delivered the envelope to a U.S. Postal Service drop box in Bismark, North Dakota (Bismark), sometime after the post office was closed and before the time of the last mail pickup on the evening of January 24, 2000.

## Discussion

Respondent contends that this case should be dismissed as the petition was not filed within the time prescribed by section 6213(a) and section 7502 and the regulations thereunder.[1]

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

The petition for redetermination of a deficiency must be filed with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed to the taxpayer. See sec. 6213(a). The time provided for filing a petition is

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

jurisdictional and cannot be extended.  Failure to file within the prescribed period requires that the case be dismissed for lack of jurisdiction.  See Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Stone v. Commissioner, 73 T.C. 617, 618 (1980).

In this case, the 90-day period for filing a timely petition with this Court pursuant to section 6213(a) expired on Monday, January 24, 2000.[2]  The petition was not filed until Tuesday, February 8, 2000, which was 105 days after the mailing of the notice of deficiency.

Although the petition was not timely filed, petitioners maintain that the petition was timely mailed to the Court on January 24, 2000, the last day of the 90-day period, and 15 days before the petition was delivered to the Court.  Section 7502 and the regulations thereunder provide that, in certain circumstances, a timely mailed petition will be treated as though it were timely filed.

Section 301.7502-1(c)(2), Proceed. & Admin. Regs., provides:

> If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of * * * certified mail.

---

[2]Jan. 24, 2000, was not a legal holiday in the District of Columbia.

Although petitioners may have sent their petition by certified mail, this regulation does not apply here because petitioners never presented the sender's receipt to any postal employee and it was never postmarked.  Cf. Brown v. Commissioner, T.C. Memo. 1982-165.  In this circumstance, mailing their petition by certified mail provided petitioners no protection.

Where the postmark in question is made by a private postage meter, the provisions implementing the "timely mailing/timely filing" rule are contained in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., which provides as follows:

> (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document.  However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period,

prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay.

The validity of this regulation has been upheld. See Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. T.C. Memo. 1975-195; Fishman v. Commissioner, 420 F.2d 491, 492 (2d Cir. 1970), affg. 51 T.C. 869 (1969).

On the basis of the record presented, we conclude that petitioners cannot avail themselves of the timely mailing/timely filing rule set forth in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.

In general, the regulation requires that the petition be delivered to the Court within the ordinary mailing time for that class of mail. Petitioners concede that the ordinary delivery time for an item mailed from Bismark to Washington, D.C., is 3 to 5 days. The petition in this case was delivered to the Court 15 days after it was allegedly mailed. It follows that the petition was not delivered to the Court within the ordinary mailing time.

Where a petition is mailed to the Court in an envelope bearing a private postage meter postmark, but the petition is not delivered to the Court within the ordinary mailing time for that class of mail, a taxpayer seeking to rely on the timely mailing/timely filing rule must establish that the petition was actually deposited in the mail before the expiration of the 90-day period, that the delay in receiving the petition was due to a

delay in the transmission of the mail, and the cause of the delay.  See Selter v. Commissioner, T.C. Memo. 2000-316.

Petitioners have provided no evidence demonstrating that the delay in the delivery of the petition to the Court was due to a delay in the transmission of the mail or the cause of such a delay.  To the contrary, petitioners admit in their objection to respondent's motion that they have not established either of these requirements:  "Petitioner [sic] and their attorney do not understand why the mail was not received by the Tax Court within three days.  It appears the weather should not have complicated the mailing process, however this factor has not been thoroughly explored."

The petition was received by the Court after expiration of the statutory filing period, and petitioners have failed to prove the facts necessary under the regulations to establish timely filing by mail.  Therefore this case must be dismissed for lack of jurisdiction.[3]  This result could easily have been avoided if

---

[3]We note, finally, that petitioners need not be denied their day in court as they may pay the deficiency, file a claim for refund, and, if the claim is denied, commence an action in U.S. District Court or the U.S. Court of Federal Claims to recover the tax paid.  See Drake v. Commissioner, 554 F.2d 736, 739 (5th Cir. 1977).

the envelope or the certified mail sender's receipt had been postmarked by the U.S. Postal Service on or before January 24, 2000. See sec. 7502(a), (c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.