T.C. Summary Opinion 2001-88


UNITED STATES TAX COURT


JOHN RALPH JOHNSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  231-01S.                      Filed June 13, 2001.


John Ralph Johnson, pro se.

Sandra Veliz, for respondent.


LARO, Judge: This case was heard pursuant to the provisions of section 7463 in effect at the time the petition was filed.[1] Respondent moves the Court to dismiss this case for lack of jurisdiction, asserting that petitioner failed to petition the Court timely.  Petitioner objects to respondent's motion,

_____

[1] Subsequent section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

asserting that respondent did not mail the notices of deficiency to his last known address.

## Background

Respondent determined deficiencies of $1,024 and $1,931 in petitioner's Federal income taxes for 1993 and 1994, respectively, and additions thereto of $188.50 and $164.50, respectively, under section 6651(a). Respondent reflected these determinations in notices of deficiency which he mailed to petitioner on October 24, 1997, at the address of "P.O. Box 565, Springfield, OR 97477". Petitioner petitioned the Court on January 3, 2001, to redetermine the determinations set forth in the notices of deficiency. At that time, he resided in the Airways Heights Correction Center in Airway Heights, Washington.

## Discussion

Respondent contends that this case should be dismissed as the petition was not filed within the time prescribed by statute. Petitioner contends that respondent mailed the notices of deficiency to the wrong address and that he only received them on October 22, 2000. Petitioner asserts that he has been incarcerated since September 18, 1994.

Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988);

Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). A petition for redetermination of a deficiency must be filed with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed to the taxpayer. See sec. 6213(a). The time in which a petition must be filed is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the case be dismissed for lack of jurisdiction. See Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Stone v. Commissioner, 73 T.C. 617, 618 (1980).

Here, the 90-day period for filing a timely petition under section 6213(a) expired on Thursday, January 22, 1998, which date was not a legal holiday in the District of Columbia. The petition was mailed to the Court on December 29, 2000, a date which is 1,162 days after the mailing of the notices. Although petitioner may not have actually received the notices of deficiency until October 22, 2000, a fact that he asserts but that we do not find, the statutory 90-day period begins to run where, as here, respondent mails the notices to petitioner's last known address; i.e., the address shown on his most recently filed return. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). In this regard, respondent's records reveal that petitioner's 1992 Federal income tax return was the return

that he filed most recent to respondent's mailing of the notices of deficiency and that petitioner filed his 1992 return on or about April 15, 1993. Respondent's records also reveal that the address that petitioner listed on his 1992 return was the address of the post office box to which the notices of deficiency were mailed.

We shall grant respondent's motion. Accordingly,

<u>An appropriate order will be entered dismissing this case for lack of jurisdiction</u>.