**In re: Rick D. SIDERS Candidate for July 2006 Kentucky Bar Examination**

No. 2006–SC–0244–OA.

Supreme Court of Kentucky.

May 9, 2006.

Rick D. Siders, Baker, Donelson, Bearman, Caldwell & Berkowitz, Johnson City, TN, for Petitioner.

Grant M. Helman, Louisville, Bonnie C. Kittinger, Director, Kentucky Office of Bar Admissions, Lexington, for Respondent.

## OPINION AND ORDER

Rick D. Siders of Johnson City, Tennessee petitions this Court to waive the application of SCR 2.080(4) which limits the transferal of exam scores on the Multistate Bar Exam (MBE) to a period of three years. In 2002, Mr. Siders graduated from an ABA-accredited law school in another jurisdiction and subsequently passed the bar exam and was admitted to practice law in that jurisdiction. Thereafter, he entered service as an officer in the United States Navy Judge Advocate General Corps.

Mr. Siders attempted to sit for the Kentucky bar examination in 2005, which would have been within the three-year window provided by SCR 2.080(4) allowing him to transfer the MBE scores from the other jurisdiction. Had this happened, Mr. Siders would only need to sit for the essay portion of the bar examination. He was never able to take the examination in 2005, however, due to orders pending that would have him deployed to Afghanistan for military duty there.

Upon discharge from service, Siders petitioned the Kentucky Office of Bar Admissions to waive the application of SCR 2.080(4). They informed him that although his scores were sufficient they were not able to waive the rule's applicability. This Court accepted review of the matter per Siders's motion. SCR 2.060.

There are strong public policy reasons to promote and reward military service and the fulfillment of duty to our Country. Kentucky has allowed the fulfillment of active military duty to cause the tolling of other statutory limits. *See, e.g., Kilfoile v. Sherman*, 535 S.W.2d 69 (Ky.1975).

In this case, Siders was presented with imminent orders to be deployed in wartime activities overseas. It is obvious that these orders would not only disrupt but prevent the proper preparation for the bar examination. In addition to the pending orders, it operates most in his favor that he has promptly applied for the next examination after his service and intends to sit for this examination pending the decision of this matter. In this case, the facts support tolling the application of the three-year window in SCR 2.080(4) to include the transfer of his MBE scores from the 2002 examination to his July 2006 Kentucky Bar Examination.

THEREFORE, IT IS ORDERED THAT:

Given the unique circumstances involving military service, Rick D. Siders shall be permitted to transfer MBE scores from his 2002 bar examination to the July 2006 Kentucky Bar Examination thereby eliminating the need for him to sit for the MBE portion of the July 2006 Kentucky Bar Examination.

All concur.

ENTERED: MAY 9, 2006.

/s/ Joseph E. Lambert
Chief Justice