110 T.C. No. 9

UNITED STATES TAX COURT

RALPH P. WATERMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9201-95.                    Filed February 9, 1998.

P accepted an offer for an early separation which had been made to him by the U.S. Navy pursuant to a downsizing program. At the time of acceptance, P was in a combat zone and had served over 14 years, the vast majority of which were not in a combat zone. P would not have been entitled to a pension until he had served 20 years. The amount of P's severance payment was calculated on the basis of his length of service. Sec. 112, I.R.C., provides that compensation received for active service in a combat zone is excludable from gross income. The regulations under sec. 112 emphasize that the right to the income must accrue during service in a combat zone, but the payment may be received after the combat service. R determined that none of the payment received by P was excludable under sec. 112. On brief, R conceded that an apportioned amount of the severance payment attributable to the time in a combat zone over total time served would be excludable. P argues that the entire severance payment is excludable because his right to the payment arose at the time of

his acceptance of the offer for an early separation,
and he accepted that offer while in a combat zone.
Held: P's severance payment is not excludable from
gross income under sec. 112.

Cynthia L. Mire, for petitioner.

William Henck, for respondent.

OPINION

GERBER, Judge: Respondent, by means of a statutory notice
of deficiency, determined an income tax deficiency of $10,038 and
sections 6651(a)(1)[1] and 6654(a) additions to tax in the amounts
of $2,495 and $435, respectively, for petitioner's 1992 taxable
year. Respondent has conceded that petitioner is not liable for
the additions to tax. The remaining issue for our consideration
is whether the special separation payment to which petitioner
became entitled while serving in a combat zone is excludable from
petitioner's gross income under section 112.

Background

This case was submitted fully stipulated pursuant to Rule
122. Petitioner, Ralph F. Waterman, served in the U.S. Navy for
14 years and 3 months as an enlisted person. Petitioner was
stationed aboard the U.S.S. America in the Persian Gulf, a

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year under
consideration, and all Rule references are to this Court's Rules
of Practice and Procedure.

designated combat zone, from January 1 through May 4, 1992. On April 20, 1992, petitioner accepted an early separation offer from the Navy as part of its downsizing program. Petitioner agreed to leave the Navy. By accepting the separation offer and payment, petitioner was not entitled to any future benefits, including a pension, which would have first become available after 20 years of service. The amount of the lump-sum special separation payment was, in part, measured by petitioner's 14 years and 3 months of active military service. Petitioner left the ship pursuant to this agreement and also left the Persian Gulf region on May 4, 1992. Petitioner received an honorable discharge from the Navy on May 18, 1992, in Norfolk, Virginia. The Navy withheld $9,159 from petitioner's $44,946 separation payment. In substantial part, the withholding was for Federal income tax.

Upon acceptance of the Navy's offer for early separation, petitioner was advised by the Navy that payments received pursuant to his early separation would be excludable from gross income if accepted while serving in a designated combat zone. In accord with that advice, petitioner requested and the Navy issued an $8,951 check to petitioner representing the previously withheld Federal tax portion of the original $9,159 withholding.

Respondent determined that the $44,946 separation payment constituted taxable income and was not excludable under section

112. On brief, respondent conceded that $2,382, the portion of the separation payment that was measured by time served in a combat zone, is excludable under section 112.

Discussion

We consider here a matter of first impression involving whether an early separation payment, the right to which arose and became fixed while a member of the military was serving in a combat zone, is excludable from gross income under section 112. Respondent contends that the portion of the separation payment apportioned as to time served while petitioner was not in a combat zone represents compensation that is not excludable under section 112. Conversely, petitioner contends that the entire separation payment is excludable from gross income under section 112 as compensation for an act performed and/or a right to compensation that became fixed while he was in a combat zone. We hold that no portion of the separation payment would be excludable from gross income under section 112.[2]

Section 112 was enacted to provide a tax benefit to members of the armed services whose lives were placed at risk because of

---

[2] In the notice of deficiency, respondent determined that no part of the separation payment should be excluded under sec. 112. On brief, respondent conceded that the portion of the payment apportioned by reference to the portion of time served in a combat zone should be excluded from income. Our interpretation of sec. 112 would not permit any portion to be excluded. Because of respondent's concession, however, petitioner is entitled to exclude the $2,382 of the $44,946 severance payment.

their service to their country. Section 112, in pertinent part, provides that "Gross income does not include compensation received for active service * * * for any month during any part of which such member * * * served in a combat zone". Section 112 and the underlying regulations do not specifically address the question of whether severance pay is excludable.

In construing a statute, we generally give effect to the plain and ordinary meaning of its language. United States v. Locke, 471 U.S. 84, 93, 95-96 (1985); United States v. American Trucking Associations, 310 U.S. 534, 543 (1940). Words with a fixed legal or judicially settled meaning, on the other hand, generally must be presumed to have been used in that sense unless such an interpretation would lead to absurd results. See United States v. Merriam, 263 U.S. 179, 187 (1923); Lenz v. Commissioner, 101 T.C. 260, 265 (1993). Our principal objective in interpreting any statute is to determine Congress' intent in using the statutory language being construed. United States v. American Trucking Associations, supra at 542. When a statute is ambiguous, we may look to its legislative history and the purposes for its enactment. United States v. Ron Pair Enters., 489 U.S. 235, 241 (1989). With respect to section 112, however, there is a paucity of legislative history or discussion concerning the legislative intent. See Bruinooge v. United States, 213 Ct. Cl. 26, 550 F.2d 624, 627 (1977).

Use of the word "for" in the section 112(a)(1) language "compensation received for active service * * * in a combat zone" requires that the compensation be earned for a person's service in a combat zone. This statutory language is not ambiguous concerning the subject of when and how the compensation must be earned.

As to when the payment is received, the underlying regulation contains the following pertinent language:

> The time and place of payment are irrelevant in considering whether compensation is excludable under section 112; rather, the time and place of the entitlement to compensation determine whether the compensation is excludable under section 112. * * * For this purpose, entitlement to compensation fully accrues upon the completion of all actions required of the member to receive the compensation. * * * [Sec. 1.112-1(b)(4), Income Tax Regs.[3]]

The above-quoted language also addresses the question of when the compensation is earned. The regulation does not, however, address how the compensation is to be earned in order to be excludable under section 112; i.e., for military service performed in a combat zone or any type of service or act that is performed or may occur in a combat zone.

Congress provided a specific exception from the type of compensation that may be excludable under section 112; to wit, pensions and retirement pay. Sec. 112(c)(4). Respondent does

---

[3]On Aug. 19, 1993, these regulations were retroactively amended under authority of sec. 7805 to be effective Jan. 16, 1991. T.D. 8489, 1993-2 C.B. 65.

not argue that the severance payment is a pension or a form of retirement pay. Therefore, the question we consider is whether the severance payment is "compensation received for active service * * * in a combat zone".

By means of regulations, compensation excludable from gross income under section 112 has not been limited to active duty pay while in a combat zone. In particular, section 1.112-1(b)(5), Example (5), Income Tax Regs., provides:

> In July, while serving in a combat zone, an enlisted member voluntarily reenlisted. After July, the member neither served in a combat zone nor was hospitalized for wounds incurred in the combat zone. In February of the following year, the member received a bonus as a result of the July reenlistment. The reenlistment bonus can be excluded from income as combat zone compensation although received outside of the combat zone, * * * [because] the member completed the necessary action for entitlement to the reenlistment bonus in a month during which the member served in the combat zone.

This regulation, to a limited extent, may expand upon the statutory language "compensation received for active service" because reenlistment bonuses could be to secure future service which is not served in a combat zone.[4]

Example (5) indicates that the time and place of payment are irrelevant when considering whether compensation is excludable under section 112. More importantly, the example contains a variation from the section 112 language to the extent that there

---

[4] We note that neither party has challenged the validity of the regulations under consideration.

is acknowledgment that a portion of the reenlistment bonus in that example will not be earned for service in a combat zone. Sec. 1.112-1(b)(4), Income Tax Regs. Instead, it is sufficient that the offer and acceptance of the reenlistment occur while the member is serving in the combat zone. We note, however, that as a matter of policy, the potential for continued service in a combat zone exists where a person reenlists.

Petitioner wishes us to go a step further than Example (5) and hold that the language of section 112, as interpreted in section 1.112-1(b)(4), Income Tax Regs., would extend to a severance payment, even though that payment is being made to ensure that there would be no further service, in a combat zone or otherwise. We do not find petitioner's argument to be persuasive. Petitioner's proposed approach does not comport with the statutory language and does not carry out the intent of the statute.

Respondent makes no effort to distinguish Example (5), but instead argues that Example (2) of the regulation is more analogous. Section 1.112-1(b)(5), Example (2), Income Tax Regs., provides:

> From March through December, an enlisted member became entitled to 25 days of annual leave while serving in a combat zone. The member used all 25 days of leave in the following year. The member may exclude from income the compensation received for those 25 days, even if the member performs no service in the combat zone in the year the compensation is received.

Respondent finds support in this example because the excludable amount is limited to an amount attributable solely to leave accrued while the member was in a combat zone. We find Example (2) analogous to the extent that the excludable portion accrued while the member was in a combat zone, but it is excluded from income even though utilized and received while the member was not in a combat zone. We do not find that Example (2) controls our factual situation.

Respondent's argument focuses on the fact that the amount of the severance payment here was measured, in part, by time served outside a combat zone. On the basis of that observation, respondent argues that the payment was earned, in corresponding part, outside a combat zone. Respondent also concludes that petitioner is entitled to exclude the portion of the severance payment that is allocable to his past service in a combat zone. Although we agree that petitioner is not entitled to exclude the severance payment, we disagree with respondent's reasoning.

Petitioner's severance payment is in exchange for his agreement to leave the military. Although measured by length of service, the severance payment is not for prior service, either in a combat zone or otherwise. In the same manner as the reenlistment example, when petitioner accepted the Navy's early separation offer, he did not then become entitled to any additional compensation for the services previously performed.

Accordingly, the severance payment cannot be considered compensation for earlier services. Rather, it must be considered compensation for petitioner's agreeing to early separation from the Navy. Ultimately, the statute requires that the member's service be performed in a combat zone.

Respondent argues that the severance payment was received in exchange for the pension petitioner would have received if he had completed 20 years of service. The parties in this case stipulated that petitioner accepted the separation offer as part of the Navy's downsizing program, and, as a result, he would not be eligible for a pension after 20 years of service. Accordingly, respondent's argument that the severance payment was received in exchange for pension benefits is a matter of conjecture. On the basis of the parties' stipulation, petitioner was not entitled to a pension at the time he accepted the early separation. Petitioner had served just over 14 years and was almost 6 years short of having "vested" pension benefits. It is true that as a result of petitioner's agreeing to sever his relationship with the military, he would not be able to serve long enough to be entitled to a pension. That is a far cry from exchanging his pension for a severance payment. The only similarity between a pension (which by statute is not exempt under section 112) and a severance payment is that both are calculated by means of length of service. There is no evidence

here that there was any other correlation or connection between a severance payment and a Government military pension.

We accordingly hold that the severance payment here is not excludable from petitioner's gross income under section 112.

To reflect the foregoing and because of concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155.</u>