T.C. Memo. 2000-18


UNITED STATES TAX COURT


DEAN P. MUNOZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9479-99.                    Filed January 18, 2000.


Dean P. Munoz, pro se.

<u>Wendy K. Abkin</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:   This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed July 2, 1999, and supplemented December 6, 1999.  As discussed in detail below, we shall grant respondent's motion.

Background

On October 17, 1997, respondent mailed a notice of deficiency to petitioner determining a deficiency and accuracy-related penalty in petitioner's Federal income tax for 1994 in the amounts of $2,026 and $405, respectively. On December 11, 1997, respondent mailed a notice of deficiency to petitioner determining a deficiency and accuracy-related penalty in petitioner's Federal income tax for 1995 in the amounts of $1,312 and $262, respectively. Respondent sent both notices by certified mail to petitioner addressed to him at 3920 Ulloa Street, San Francisco, CA 94116-2123 (the Ulloa Street address).

On May 18, 1999, petitioner filed a petition for redetermination with the Court contesting respondent's deficiency and penalty determinations for 1994 and 1995. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of May 13, 1999. The petition and the envelope identify petitioner's address as the Ulloa Street address.

The petition alleges that petitioner "was and still presently serve[s] on active duty with the United States military." The petition further alleges that petitioner only received copies of the notices of deficiency on February 26, 1999, and that he filed his petition within 90 days of that date.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on July 2, 1999. Respondent contends that this

case must be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.[1]

Petitioner filed an objection to respondent's motion to dismiss, repeating the allegations set forth in the petition. Thereafter, petitioner filed a response, documenting his military service. Petitioner's response establishes that petitioner served in Korea on active duty with the United States Army from June 1997 through May or June 1998. Petitioner's response also establishes: (1) Petitioner's "home of record" at the time of his enlistment with the Army in September 1996 was the Ulloa Street address; and (2) petitioner's "leave address" for paternity purposes in June 1997 was also the Ulloa Street address.[2]

This matter was called for hearing at the Court's trial session in San Francisco, California, on November 17, 1999. There was no appearance by or on behalf of petitioner, nor did petitioner file any statement pursuant to Rule 50(c). Counsel for respondent appeared and argued in support of the pending motion. Counsel represented that respondent's records do not

---

[1]  All section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioner's request for 25 days' leave from military service states as its reason "wife do [sic] to have a baby 6 June 97".

indicate that either notice of deficiency was returned to respondent by the Postal Service.

On December 6, 1999, respondent filed a supplement to respondent's motion to dismiss. Respondent attached to the supplement copies of petitioner's timely filed income tax returns (Forms 1040) for the 2 years in issue, both of which list the Ulloa Street address as petitioner's home address. Respondent also attached to the supplement a copy of petitioner's timely filed income tax return (1040PC format) for 1996, which also lists the Ulloa Street address as petitioner's home address. Finally, respondent attached to the supplement copies of transcripts of computer records obtained in June 1997 showing petitioner's current address as the Ulloa Street address. In the supplement, respondent acknowledges that at that time (i.e., in June 1997) petitioner's brother Gary Munoz informed respondent that petitioner was stationed overseas in Korea on a military assignment; however, respondent asserts that the brother was unable to provide a forwarding address for petitioner.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly

authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's last known address. See sec. 6212(b)(1). If the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). In turn, the taxpayer has 90 days or, as here, 150 days if the notice is addressed to a person outside the United States,[3] from the date that the notice is mailed to file a petition for a redetermination of the deficiency. See sec. 6213(a); see also sec. 7502 (treating timely mailing as timely filing).

It is clear in the present case that the petition was not filed in respect of either notice of deficiency within the requisite 150-day period. Petitioner suggests, however, that his status as an active-duty member of the Armed Forces entitled him to a greater period within which to file his petition.

---

[3] In Looper v. Commissioner, 73 T.C. 690, 692-696 (1980), we held that the phrase "outside the United States" modifies both "addressed" and "person". Accordingly, petitioner was entitled to the 150-day period to file a petition because he was "outside the United States" at the time that each notice of deficiency was mailed.

Section 7508(a)(1)(C) serves to extend the normal 90-day or 150-day period within which a petition must generally be filed by disregarding the time when a member of the Armed Forces is present in a combat zone and the next 180 days thereafter.  For purposes of section 7508, a "combat zone" is an area designated as such by the President of the United States by Executive order for purposes of section 112.[4]  However, Korea has not been a combat zone since January 1955.[5]  Accordingly, section 7508 offers petitioner no solace.  See Stone v. Commissioner, 73 T.C. 617, 620-621 (1980).

Petitioner also alleges that he did not receive either notice of deficiency until copies were sent to him in February 1999, thereby implying that the notices are invalid because they were not mailed to him at his last known address.

---

[4]  Sec. 112 serves to exclude from gross income certain combat zone compensation received by members of the Armed Forces. See Waterman v. Commissioner, 110 T.C. 103 (1998), affd. 179 F.3d 123 (4th Cir. 1999).

[5]  Korea and its adjacent waters were declared a combat zone as of June 27, 1950, by President Truman in Executive Order 10195, 1951-1 C.B. 6.  That designation was withdrawn as of Jan. 31, 1955, in Executive Order 10585, 1955-1 C.B. 17.

For other declarations involving hostilities in Korea, see Rev. Rul 207, 1953-2 C.B. 442, regarding personnel of the U.N. Korean Reconstruction Agency, and Act of Apr. 24, 1970, Pub. L. 91-235, 84 Stat. 200, regarding the crewmen of the Pueblo while illegally detained by North Korea in 1968.

Although the phrase "last known address" is not defined in the Internal Revenue Code or the regulations, we have held that absent clear and concise notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's return that was most recently filed at the time that the notice was issued. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); King v. Commissioner, supra at 681. In deciding whether respondent mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to respondent's knowledge rather than to what may in fact be the taxpayer's most current address." Frieling v. Commissioner, supra at 49. The burden of proving that the notice was not sent to the taxpayer at the taxpayer's last known address is on the taxpayer. See Yusko v. Commissioner, supra at 808.

Respondent mailed the notices of deficiency to the address listed on petitioner's 1996 return--the last return filed by petitioner prior to the mailing of the notices of deficiency in October and December 1997. Consequently, the notices of deficiency were mailed to petitioner at his last known address unless petitioner can demonstrate: (1) He provided respondent with clear and concise notice of a change of address; or (2) prior to the mailing of the notices of deficiency, respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining petitioner's correct address. See

<u>Abeles v. Commissioner</u>, <u>supra</u>; <u>Keeton v. Commissioner</u>, 74 T.C. 377, 382 (1980); <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. 367, 374, affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

There is nothing in the record to demonstrate that petitioner gave respondent clear and concise notice of any change of address. Indeed, the record indicates that petitioner has at all relevant times regarded, and held out, the Ulloa Street address as his home address.

On the other hand, respondent was informed in June 1997, before the notices were mailed, that petitioner was stationed overseas in Korea on a military assignment. We must decide, therefore, whether respondent exercised due diligence in mailing the notices to the Ulloa address. For the following reasons, we conclude that respondent exercised the requisite diligence.

First, accepting petitioner's allegation that he did not receive the notices of deficiency upon their mailing in October and December 1997, we observe that there is nothing in the record to indicate what petitioner's actual address was at those times.

Second, respondent searched respondent's computer records in June 1997, and such search confirmed petitioner's current address as the Ulloa Street address.

Third, respondent sought to obtain a forwarding address from petitioner's brother, but the brother was unable to provide that information.

Fourth, petitioner continued to have a close connection with the Ulloa Street address as demonstrated by the fact that he regarded it as his "leave address" on his request for paternity leave in June 1997 when his wife was expecting a baby.

Finally, neither notice of deficiency was returned to respondent by the Postal Service as undeliverable.[6]

Conclusion

Because petitioner did not file his petition with the Court within the time prescribed by sections 6213(a) and 7502, we lack jurisdiction to redetermine petitioner's tax liability for the years in issue.  Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction, as supplemented.[7]

---

[6] Respondent has not indicated that any prenotice correspondence that may have been sent to the Ulloa Street address was returned by the Postal Service as undeliverable.  If such had been the case, we would have expected that fact to have been brought to our attention by respondent in the supplement to the motion to dismiss.

[7] Although petitioner cannot pursue his case in this Court, he is not without a judicial remedy.  Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

In order to give effect to the foregoing,

An order granting respondent's motion, as supplemented, and dismissing this case for lack of jurisdiction will be entered.